ADMINISTRACIÓN JUDICIAL DE LOS BIENES DE VIDAL, APELADO, v.
HEREDEROS DE AUGUSTINA RUIZ, APELANTES.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección 1ª.

No. 920.—Resuelto en mayo 29, 1913.

PARTICIÓN DE HERENCIA—LIQUIDACIÓN DE DIVERSAS SOCIEDADES CONYUGALES—
RECIBO DE CONTRIBUCIONES.—Cuando en una partición de bienes de un testa-
dor que ha sido casado tres veces se trata de probar que varios bienes poseídos
durante el tercer matrimonio lo fueron con dinero ganado durante el segundo
matrimonio, es necesario una prueba más robusta y más convincente que un
simple recibo de haber pagado contribuciones sobre dichos bienes durante la
existencia del segundo matrimonio, para poder destruir la presunción de que
dichos bienes corresponden a la sociedad de gananciales constituída al tiempo
de su adquisición aparente, sin que el mero pago de contribuciones pueda
dar lugar a la duda de que se trata en el artículo 1341 del Código Civil.

Los hechos están expresados en la opinión.
Abogados de los apelantes: *Sres. Quintín Negrón Sanjurjo*
y *José G. Torres.*
Abogado de Cruz Rodríguez: *Sr. Jacinto Texidor.*
EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tri-
bunal.
José E. Vidal Amadeo estuvo casado tres veces sin que
jamás se hubieran rendido cuentas o liquidado ninguna de las
sociedades de gananciales que de tal modo se constituyeron,
hasta después de su muerte. Falleció bajo disposición tes-
tamentaria. Después de ciertos procedimientos preliminares
que fueron necesarios, la corte emitió su sentencia y dictamen
por virtud del cual se hizo una distribución entre las perso-
nas con derecho a ella por razón del primer y tercer matri-
monio, habiendo sido excluídos los herederos de la segunda
esposa de toda participación en los bienes. En cuanto a este
particular el contador partidor declaró que no habían hijos
del segundo matrimonio, que de conformidad con el testa-
mento del testador la mencionada segunda esposa no poseía

bienes de ninguna clase a la fecha del matrimonio, que durante el mismo dicha esposa no adquirió bienes de su pro-

piedad, y además que no se probó que la sociedad hubiera adquirido bienes. Habiéndose hecho objeción al informe presentado por el contador partidor, se nombró un árbitro quien estuvo conforme con el contador, habiendo sido ratificado por la corte dicho informe del árbitro con respecto al particular. Los apelantes son los herederos de la segunda esposa, quienes alegan que se cometieron los siguientes errores:

*Primero.* Al no estimar como evidencia la certificación expedida por el Secretario del Municipio de San Juan, con referencia a los bienes con que figuraba el testador en las listas del reparto de contribuciones pertenecientes a los años 1873 a 1878, o sea durante el segundo matrimonio.

*Segundo.* Al no aplicar en caso de duda las disposiciones contenidas en el artículo 1341 del Código Civil.

Dicho artículo dispone lo siguiente:

"Artículo 1341. Siempre que haya de ejecutarse simultáneamente la liquidación de los bienes gananciales de dos o más matrimonios contraídos por una misma persona, para determinar el capital de cada sociedad se admitirá toda clase de pruebas en defecto de inventarios; y en caso de duda, se dividirán los gananciales entre las diferentes sociedades proporcionalmente al tiempo de su duración y a los bienes de la propiedad de los respectivos cónyuges."

El contador partidor con sobrada razón resolvió que la certificación del Secretario del Municipio de San Juan, creditiva del pago era una prueba incompetente, pero preferimos adoptar el criterio del árbitro y tomar en consideración dicha prueba según el valor que la misma pueda tener.

Creemos que ésta muestra solamente que José E. Vidal Amadeo pagaba contribuciones sobre ciertos bienes y nada más. Tal vez esta certificación unida a otra prueba hubiera podido tener algún valor, pero presentada aisladamente sólo dió lugar a sospechas. El mero hecho de que una persona

esté pagando contribuciones sobre propiedades no acredita el dominio de las mismas. Puede suceder que una persona haya vendido su propiedad y continúe pagando contribuciones a nombre del comprador, de quien puede ser el agente, o que, después de verificarse una venta, tarde algún tiempo en hacerse el cambio correspondiente en la documentación del municipio y que pertenezca la finca a otra persona que no sea aquella a cuyo nombre está registrada.

Además, el pago de las contribuciones no es tampoco una indicación del valor de los bienes. Pueden pesar tantos gravámenes hipotecarios sobre ellos que prácticamente no tengan ningún valor. La certificación en este caso no daba tampoco idea alguna de cuándo y de qué manera fueron adquiridos los bienes, los que por tanto pudieron haberse obtenido en la época del primer matrimonio o antes. Por el hecho de haberse pagado contribuciones en determinadas fechas no puede surgir ninguna presunción en cuanto al dominio o fecha de adquisición.

Es verdad que no se ha probado que algunos de los bienes descritos en la certificación habían pertenecido, a la primera sociedad conyugal ni que fueran bienes privativos del testador, pero no habiéndose probado que ninguno de los supuestos bienes del segundo matrimonio quedaran en posesión de testador a la muerte de su segunda esposa, la presunción, si alguna hubo, fué que se consumieron o que se dispuso de ellos mientras existió el segundo matrimonio. Los bienes específicos que quedaron en poder del testador a la fecha de su muerte son los que se han estimado como adquiridos antes o después de su segundo matrimonio, y la presunción sería de que los mismos eran gananciales pertenecientes al primero o tercer matrimonio. Si algunos de los bienes que al parecer pertenecían al tercer matrimonio fueron adquiridos mediante el empleo de fondos o bienes habidos durante el segundo matrimonio, era necesario que se presentara algo más que el mero recibo del pago de las contribuciones para probar ese hecho o que surgiera alguna duda con respecto

al hecho de si existía en realidad alguna propiedad pertene-
ciente a dicha sociedad conyugal.

El dominio puede probarse por las escrituras, los testi-
gos en el traspaso, el registro o los protocolos notariales.  Si
Vidal Amadeo resultó estar en posesión de un gran caudal
de dinero u otros bienes, sin que hubiera indicación alguna
del origen de los mismos, pudiera surgir la duda a que se
refiere el artículo 1341, pero ésta no surge del mero pago de
contribuciones durante un término de cinco o seis años.  La
sentencia apelada debe ser confirmada en tanto la misma hace
referencia a los apelantes en este caso.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados MacLeary, del Toro y Aldrey.