Administración Judicial de los Bienes de Vidal, Apelado, *v.* Angelina Vidal et al., Apelantes.

Apelación procedente de la Corte de Distrito de San Juan, Sección 1ª,

No. 919.—Resuelto en junio 2, 1913.

Partición de Herencia—Bienes Gananciales—Pruebas.—Los apelantes no tienen derecho a que se considere como bien privativo de su madre Angelina Bertrés, la finca adquirida por ella en 1868 durante su matrimonio con el causante, pues no se ha presentado prueba satisfactoria para contrarrestar la presunción de que dicha finca pertenece a la sociedad de gananciales, ni para destruir la manifestación hecha por el causante en su testamento de que dicha esposa no había aportado bienes al matrimonio.

Id. — Rentas y Beneficios de una Casa. — Carece de fundamento la pretensión de los apelantes de que se les adjudiquen las rentas y beneficios de la cuarta parte de la casa adjudicada a ellos, pues hubo prueba de que existen algunas deudas que excedían a dichas rentas, y además no han justificado cuándo llegaron a la mayor edad, pues el padre durante su minoría de edad tenía derecho a percibirlas.

Id.—Intereses—Mora.—No habiendo prueba de que se haya hecho reclamación judicial o extrajudicial alguna contra el causante, no pueden sus herederos reclamar intereses.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sr. José de Guzmán Benítez*.
Abogado de Cruz Rodríguez: *Sr. Jacinto Texidor*.

EL JUEZ ASOCIADO SR. WOLF emitió la opinión del tribunal.

José E. Vidal Amadeo que falleció bajo disposición testamentaria estuvo casado tres veces, habiendo sido interpuesta esta apelación por los herederos del primer matrimonio, quienes se oponen a la sentencia y adjudicación hecha por la corte con respecto a la distribución de los bienes entre los herederos de los distintos matrimonios. La primera cuestión que suscitan los apelantes se refiere a los bienes que alegan pertenecer privativamente a su madre, primera esposa del testador. José E. Vidal Amadeo y su esposa Angelina Bertrés otorgaron recíprocamente un poder para testar, en el cual la esposa autorizó a su marido a declarar las aportaciones de ella a la sociedad conyugal, y en virtud de tal poder en 12 de febrero de 1884 el referido cónyuge superstite otorgó un testamento en el que expresó que su esposa le había autorizado para declarar sus aportaciones matrimoniales, lo que dijo haría oportunamente. Hubo prueba de que en el año 1868 la mencionada Angelina Bertrés que entonces estaba casada con el testador, adquirió para sí una parcela de terreno. Declararon además varios testigos que la propiedad en cuestión pertenecía a la esposa, pero el contador partidor a quien se le comisionó del caso, el árbitro nombrado posteriormente y el juez, todos estuvieron conformes en que las declaraciones de todos estos testigos eran de referencia y sin fuerza probatoria alguna y no vemos razón por la cual debamos intervenir con esa conclusión. Con respecto a las palabras contenidas en el poder y en el testamento, los mismos funcionarios judiciales declararon que las palabras usadas en el poder y el testamento eran meramente rituales tales como las que invariablemente se emplean en documentos de esa clase.

En virtud del hecho de que en su último testamento manifestó el testador que su primera esposa no había aportado bienes de su propiedad al matrimonio y de que no hubo

prueba satisfactoria en contrario, entendemos que la presunción de que la propiedad adquirida a título oneroso durante el matrimonio y puesta a nombre de la esposa pertenecía a los bienes gananciales, no ha sido destruída. Por tanto, los causahabientes de la primera esposa no tienen reclamación alguna que hacer separadamente sobre la misma.

La segunda cuestión planteada en la apelación se refiere a que una cuarta parte de las rentas y ganancias en cierta casa pertenece a los herederos de la primera esposa. A dichos herederos se les señaló una suma equivalente a una participación de una cuarta parte en dicha finca, como herederos de la Sra. Bertrés, pero alegan además que debieron habérseles adjudicado las rentas y beneficios. Con respecto a este punto aparece del informe que existían deudas contraídas por el primer matrimonio suficientes para emplear las rentas, y además que no hubo prueba acerca de cuándo fué que alcanzaron la mayor edad los hijos de dicho primer matrimonio, y durante la minoridad de éstos el padre tenía derecho a percibir dichas rentas y beneficios de conformidad con el artículo 225 del Código Civil, 160 del Código Civil Español, y la ley 5ª. del título 17, partida 4 de las Siete Partidas.

En los autos se hace mención de ciertos intereses, pero en cuanto a este particular no existe prueba de que los apelantes hayan presentado reclamación alguna judicial o extrajudicialmente contra su padre. De acuerdo con el artículo 1067 del Código Civil incurren en mora los obligados a hacer o entregar alguna cosa desde el momento en que se les exige el cumplimiento de la obligación, y según el artículo 1075, se devengarán intereses solamente cuando el deudor incurra en mora.

La sentencia apelada debe ser confirmada en tanto en cuanto hace referencia a los apelantes en este caso.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.