CLOTILDE SANTIAGO RIVERA, peticionario, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado.

Núm. 108.—*Sometido:* Julio 13, 1948. *Resuelto:* Noviembre 3, 1948.

306

Córdova & González, abogados del peticionario; *Hon. Procurador General Luis Negrón Fernández* y *M. A. García del Rosario,* abogado éste de la División de Contribuciones, abogados ambos del interventor, Tesorero de Puerto Rico, querellado en el pleito principal.

EL JUEZ PRESIDENTE INTERINO SEÑOR DE JESÚS emitió la opinión del tribunal.

EN RECONSIDERACION[1]

El peticionario y Cecilia Emanuelli contrajeron matrimonio en Coamo, P. R., el 25 de abril de 1908 bajo el régimen de la sociedad de gananciales. Ambos aportaron bienes privativos. El 4 de diciembre de 1943 falleció ella en su residencia de Nueva York, bajo testamento abierto de 9 de enero de 1941, enmendado por un codicilo de 7 de noviembre del mismo año. Ambos documentos fueron otorgados en aquella ciudad. La testadora hizo varios legados específicos, y careciendo de ascendientes y descendientes, instituyó al peticionario por su único y universal heredero.

El 13 de abril de 1944 el peticionario radicó en el Departamento de Hacienda de Puerto Rico la notificación de defunción de su esposa a los efectos de la liquidación y pago de la contribución de herencia. Incluyó en la notificación todos los bienes de los cónyuges, así los privativos como los

---

[1] Por sentencia de 31 de marzo de 1948 este Tribunal confirmó la resolución dictada por el Tribunal de Contribuciones de Puerto Rico; pero a virtud de moción de reconsideración nuestra sentencia fué dejada sin efecto y oímos de nuevo a las partes.

gananciales. Declaró que el total de los bienes tenía un valor de $409,641.07;(²) que de ese valor, $117,727.03(³) correspondían privativamente al peticionario; que $54,398.05 era el valor de los bienes parafernales; y que las bajas de la sociedad montaban a $7,457.80.(⁴)

El Tesorero aceptó la cantidad fijada por el peticionario como el valor de los bienes parafernales; pero no aceptó, ni en todo ni en parte, la reclamación por concepto de sus bienes privativos, notificándole que la contribución de herencia ascendía a $30,474.58, de cuya cantidad $13,635.41 correspondían a ocho legatarios y $16,839.17 al peticionario. Al notificársele la contribución que debía pagar, el peticionario no estuvo conforme. Pidió la reconsideración y una vista administrativa, la cual fué celebrada el 17 de abril de 1945, ratificándose el Tesorero en su notificación anterior. El peticionario pagó entonces la parte de la contribución correspondiente a los legatarios y en cuanto a la suya satisfizo $9,730.13, que era lo que a su juicio debía pagar. En cuanto al remanente de $7,109.04, apeló para ante el Tribunal de Contribuciones. Alegó allí que no estaban sujetos a contribución de herencia por ser bienes privativos suyos: (a) su herencia paterna; (b) su aportación de capital a la sociedad Santiago Hermanos; (c) la parte proporcional de sus beneficios en dicha sociedad; (d) la herencia que recibió de su hermano Florencio Santiago Rivera y (e) la recibida de su hermana Teresa Santiago Rivera. El valor de esos bienes privativos, según el peticionario, monta a la cantidad de $111,794.08.

El Tribunal de Contribuciones dictó resolución el 19 de julio de 1946 en los siguientes términos: (a) sosteniendo

---

(²)Este valor, por motivos de ciertos aumentos y ajuste de intereses, fué elevado por el Tesorero a la cantidad de $506,079.26, lo cual fué aceptado por el peticionario.

(³)La cantidad reclamada fué de $117,727.03, pero el propio peticionario acepta que $111,794.08 fué el valor que él pudo probar.

(⁴)La cantidad originalmente reclamada por concepto de bajas fué rebajada por el Tesorero a $4,416.40 y el peticionario aceptó la reducción.

la valoración que había hecho el Tesorero de los bienes inmuebles de la herencia radicados en las jurisdicciones de Coamo, Ponce y Santa Isabel, valoración que fué aceptada por el peticionario; (*b*) declarando con lugar la querella en lo que respecta a la cantidad de $32,392.52 que el peticionario recibió del Gobierno de los Estados Unidos por concepto de expropiación de la finca "El Húcar"; (*c*) declarando sin lugar la reclamación por concepto del capital invertido en la sociedad Santiago Hermanos; (*d*) declarando con lugar en cuanto a $9,623.33 solamente, la reclamación de $14,378.40 por concepto de ganado y sin lugar en cuanto al remanente de $35,093.21 procedente de la herencia del padre del peticionario; (*e*) declarando sin lugar la reclamación del peticionario al efecto de que $33,949.03 del acervo de los bienes calificados de gananciales por el Tesorero, eran, al óbito de la esposa, bienes privativos del peticionario; y (*f*) declarando con lugar la reclamación de la herencia de su hermana Teresa solamente en cuanto a la cantidad de $1,407.14.

A virtud de esta decisión, el Tesorero radicó el cómputo de la cantidad que por concepto de contribución de herencia debía pagar el peticionario, o sea $4,656.62 en adición a los $9,730.13 que había pagado voluntariamente antes de recurrir al Tribunal de Contribuciones de Puerto Rico. El 16 de septiembre de 1946 pagó bajo protesta los $4,656.62 y dos días después radicó la petición de *certiorari* que nos ocupa.

La contención del peticionario es que habiendo él aportado al matrimonio capital privativo por la cantidad de $111,794.08 procede, previa deducción de las deudas, rebajar dicha suma del capital inventariado, puesto que no está sujeta a contribución de herencia; y que erró también el Tribunal de Contribuciones al exigirle que identificase en el cuerpo de bienes inventariados, los aportados por él o aquéllos con los cuales hubieran sido sustituídos.

 Es incuestionable que el artículo 1307 del Código Civil dispositivo de que se presumen gananciales todos los bienes del matrimonio mientras no se pruebe que pertenecen privativamente al marido o a la mujer, es la piedra angular en todo litigio en que precise determinar la naturaleza privativa o ganancial de los bienes del matrimonio. En el presente caso, sin embargo, no procede recurrir a esa presunción, sencillamente porque como dice la máxima legal, la presunción siempre cede a la verdad, esto es, a la prueba, y la evidencia documental del peticionario, como más adelante veremos, demuestra que el capital que reclama como privativo, procede de la herencia de su padre y de sus hermanos Florencio y Teresa y de su capital en la Sociedad Santiago Hermanos, más una parte proporcional(⁵) de los beneficios devengados en dicha sociedad antes de contraer matrimonio. Probó además, que todos esos bienes fueron aportados al matrimonio y que su valor total es de $111,794.08. Se demostró que esos bienes tienen carácter de privativos, sencillamente porque en cuanto a los adquiridos por herencia, la forma de su adquisición fué indubitadamente establecida por las respectivas escrituras de partición; y en lo que respecta a los derivados de la sociedad Santiago Hermanos, por la escritura de disolución de sociedad, en la cual se hace referencia a la de constitución. La presunción del artículo 1307 no entra en juego en este caso porque el artículo 1299 la excluye, toda vez que en lo que concierne al capital y beneficios de la sociedad existentes antes de contraer matrimonio, el referido artículo 1299, en su apartado 1, dispone que son bienes propios de cada cónyuge "los que aporte al matrimonio como de su pertenencia"; y en cuanto a los derivados de las herencias, prescribe el mismo artículo

---

(⁵)Esta sociedad se constituyó siendo el peticionario soltero por escritura de 28 de julio de 1903 y se disolvió y liquidó durante su matrimonio por escritura de 7 de octubre de 1912. Por esa razón reclama la parte de los beneficios correspondientes a los años anteriores al matrimonio.

en su apartado 2, que son bienes privativos de cada cónyuge, "los que adquiera durante él [el matrimonio] por título lucrativo, sea por donación, legado o herencia."

El tribunal inferior no cuestiona que tales bienes, por la forma de su adquisición, son privativos. Su dificultad estriba en exigir que después de tener la sociedad conyugal más de treinta años de existencia, el peticionario identifique, entre las acciones de corporaciones y bienes muebles existentes al disolverse el matrimonio, aquéllos que habían sido adquiridos con el producto de los que aportó al contraer matrimonio o que adquirió luego por herencia. Esa identificación no es necesaria. A este efecto dice Manresa, en sus Comentarios al Código Civil Español:

"El art. 1396 [correspondiente al 1299 del Código Civil, ed. 1930] no añade más casos de subrogación; pero no cabe duda de que existen otros, comprendidos, sino en la letra, en el espíritu de la disposición. Tales son los siguientes:

"(a) El cobro de créditos privativos de uno solo de los cónyuges.

"(b) La venta de bienes de la exclusiva pertenencia de alguno de ellos.

"(c) Las indemnizaciones satisfechas en caso de expropiación forzosa . . . . .

"En todos estos casos, al derecho o a la cosa sustituye su importe, precio o indemnización, *y si ingresa en la sociedad, la sociedad debe al marido o a la mujer, al socio a quien pertenecían los bienes, su importe o valor.*" T. 9 (ed. 1904) págs. 560–1. (Bastardillas nuestras.)

No cabe duda que el marido aportó los bienes privativos antes descritos. Si él luego vendió algunos de ellos, naturalmente recibió su precio. Siendo el marido el representante y administrador de la sociedad conyugal, tenemos que presumir, mientras no se pruebe lo contrario, que al recibir el marido el precio, equivale a haberlo recibido la sociedad cuya representación ostentaba.

■ Habiendo en el presente caso suficiente capital con el cual satisfacer en su totalidad el privativo del marido y

el de la mujer luego de pagar las cargas de la sociedad, procede dar cumplimiento al artículo 1319 del Código Civil que prescribe:

"Pagadas las deudas y las cargas y obligaciones de la sociedad, se liquidará y pagará el capital del marido y de la mujer hasta donde alcance el caudal inventariado."

En el presente caso, el capital privativo del marido consistió en algunos inmuebles y el remanente en bienes muebles. Los inmuebles con excepción de la finca Montería, fueron reducidos a dinero, acciones de corporaciones y créditos hipotecarios. El metálico así como las acciones y demás bienes muebles se confundieron en la masa común. Acaso algunos de los bienes muebles pertenecientes al marido se hayan perdido y de ese modo su capital haya sufrido pérdidas. Pero esa circunstancia no impediría que al liquidarse la sociedad, el marido reciba íntegramente su capital privativo. Esto es así, a tenor con las disposiciones del artículo 1321 del Código Civil que dice:

"Las pérdidas o deterioro que hayan sufrido los bienes muebles de la propiedad de cualquiera de los cónyuges, aunque sea por caso fortuito, *se pagarán de los gananciales cuando los hubiere.*

"Los sufridos en los bienes inmuebles no serán abonables en ningún caso." (Bastardillas nuestras.)

En el presente caso no hay controversia alguna en cuanto a pérdidas en los bienes inmuebles ni nadie ha sugerido la existencia de tales pérdidas. Ejemplificando esta doctrina dice Manresa en su citada obra:

"Pero cuando en la sociedad existen ganancias, la ley estima acertadamente que antes de partirse esa utilidad, es justo indemnizar a cada cónyuge los perjuicios o las pérdidas que, aun por caso fortuito, hubiere experimentado en su capital. En efecto, el caudal del marido, por ejemplo, ha sufrido pérdidas o deterioros de importancia que rebajan su importe en 15,000 pesetas, mientras que el de la mujer apenas ha experimentado alteración o ha tenido aumentos. Resultan de gananciales 20,000 pesetas. Si éstas se dividen

por igual entre ambos cónyuges, la mujer percibirá íntegro o aumentado el capital que llevó al matrimonio, y 10,000 pesetas más, mientras el marido, a pesar de existir ganancias, recibe menos de lo que aportó, pues el total de tales ganancias no alcanza a reintegrarle su capital. En esta situación, la ley quiere que se abonen al marido las 15,000 pesetas que tuvo de pérdidas en sus bienes muebles, y se partan entre ambos cónyuges las 5,000 pesetas restantes.'' (pág. 708.)

Véase, al mismo efecto, la sentencia del Tribunal Supremo de España de 17 de abril de 1943, Jurisprudencia Civil, Segunda Serie, t. 2, Marzo-abril, 1943.

██ ██ Entre las aportaciones reclamadas por el peticionario se hallan, como hemos visto, el capital y la parte proporcional de los beneficios que le correspondieron en la sociedad Santiago Hermanos, más ciertos créditos que recibió al adjudicársele las herencias antes mencionadas. Consideremos, en primer término, su aportación derivada de la sociedad Santiago Hermanos.

La referida sociedad se constituyó el 28 de julio de 1903 aportando el peticionario por concepto de capital la cantidad de $1,694.85. Esta sociedad fué liquidada el 7 de octubre de 1912, recibiendo él la suma total de $10,469.76 en distintos bienes inventariados en la escritura de disolución. De esa suma, $1,694.85 corresponde al capital aportado por él a dicha sociedad y $8,774.91 a los beneficios acumulados durante sus nueve años de existencia, es decir, desde 1903 hasta 1912. En cuanto al capital aportado por él a la sociedad, no debe haber controversia ya que consta de la escritura de constitución de sociedad otorgada cuando él era soltero y ningún interés podía tener entonces en aparentar un capital que no tenía y a lo cual se hubieran opuesto sus socios. Por concepto de beneficios no reclama el peticionario la totalidad de los $8,774.91 porque parte de ellos corresponden a los años 1908–1912 por lo que son gananciales; pero existen los beneficios devengados desde 1903 al 1908 que deben ser privativos, pues la sociedad se constituyó el

28 de julio de 1903 y el matrimonio no fué contraído hasta el 25 de abril de 1908. En tales circunstancias, y ante la imposibilidad de precisar los beneficios habidos en cada período, 1903–1908 y 1908–1912, el peticionario los determina por una sencilla operación aritmética. Considera él que cinco novenos de los beneficios, los correspondientes a los cinco años anteriores al matrimonio, son privativos y cuatro novenos, los correspondientes a los cuatro años restantes, son gananciales. De ese modo concluye que los que pertenecen privativamente al peticionario ascienden a $4,874.95. Sumados estos al capital, o sea, $1,694.85 hacen un total de capital y beneficios montante a $6,569.80 que es la suma reclamada por ese concepto.

El tribunal inferior sostiene que no existe precepto legal que autorice la pauta que siguió el peticionario para determinar la proporción entre los beneficios privativos y los gananciales. En verdad, no conocemos ningún precepto legal que expresamente la autorice. Pero no hay duda que si negásemos tal reclamación de beneficios, estaríamos manifiesta e injustamente perjudicando al peticionario. Al adoptar esa norma, éste no hizo otra cosa que aplicar por analogía lo establecido en el artículo 1326 para la liquidación simultánea de dos o más sociedades de gananciales de dos o más matrimonios contraídos por una misma persona. El citado artículo dice así:

"Siempre que haya de ejecutarse simultáneamente la liquidación de los bienes gananciales de dos o más matrimonios contraídos por una misma persona, para determinar el capital de cada sociedad, se admitirá toda clase de pruebas en defecto de inventarios; y en caso de duda, se dividirán los gananciales entre las diferentes sociedades, proporcionalmente al tiempo de su duración y a los bienes de la propiedad de los respectivos cónyuges."

No vemos por qué razón no puede aplicarse por analogía ese artículo teniendo en cuenta la conocida máxima legal que dice: "Donde existe la misma razón debe aplicarse la misma ley".

Por último, pasemos a considerar los créditos que el peticionario aportó al matrimonio. Parece claro que si estos créditos no fueron cobrados, no pueden considerarse como aportados. Pero la declaración del peticionario al efecto de que todos fueron cobrados, no fué contradicha y como esa declaración no podía ser caprichosamente descartada, debemos dar por establecido que todos los créditos heredados por él fueron aportados a la sociedad conyugal.

De conformidad con los principios enunciados en esta opinión, debe liquidarse la herencia del peticionario en la siguiente forma:

| | | |
|---|---|---|
| Valor de los bienes | | $506,079.26 |
| Menos: Bajas o Deudas | $4,416.40 | |
| Capital aportado por la esposa | 54,398.05 | |
| Capital aportado por el peticionario | 111,794.08 | 170,608.53 |
| | Ganaciales | $335,470.73 |
| Gananciales de la esposa fallecida | | 167,735.36 |
| Más capital aportado por la esposa fallecida | | 54,398.05 |
| Total líquido a repartir | | $222,133.41 |
| Menos: Legados | | 105,157.07 |
| Herencia del Peticionario | | $116,976.34 |

*Procede anular la resolución apelada y devolver el caso al Tribunal de Contribuciones para que ordene al Tesorero a computar la contribución que deba pagar el peticionario sobre una herencia de $116,976.34. Una vez computada, se le ordenará que devuelva al peticionario lo que le corresponda, incluyendo los intereses a que pueda tener derecho.*