ANA OROSIA MÉNDEZ, demandante y recurrida, *v.* LUZ CELENIA RUIZ RIVERA ET AL., demandados; REINALDO JIMÉNEZ ROMÁN y MARCELINO SOTO ROMÁN, demandantes y recurrentes, *v.* LUZ CELENIA RUIZ RIVERA, GLORIA RUIZ RIVERA, RAMÓN LUIS RUIZ RIVERA, IRIS RUIZ RIVERA y ANA OROSIA MÉNDEZ, demandados y recurridos.

*Número:* RE-89-31 *Resuelto:* 30 de junio de 1989

*Luis Américo Aguila López*, abogado de los recurrentes; *Pedro T. Anca Marín*, abogado de los recurridos; *Luis A. Garrastegui*, abogado de la recurrida.

EL JUEZ ASOCIADO SEÑOR ALONSO ALONSO emitió la opinión del Tribunal.

En ocasiones los trámites judiciales se complican innecesariamente e impiden que las controversias puedan resolverse en forma justa, rápida y económica conforme lo dispone la Regla 1 de Procedimiento Civil, 32 L.P.R.A. Ap. III. *Neptune Packing Corp. v. Wackenhut Corp.*, 120 D.P.R. 283 (1988). El caso ante nos es un ejemplo de ello.

En los trámites de partición de herencia, al concurrir herederos de dos (2) o más matrimonios, debe realizarse la operación previa de dividir y liquidar los bienes gananciales habidos en cada matrimonio para depurar así la masa partible de cada causante y evitar complicaciones como las del caso de autos.

· Ante nos los recurrentes imputan error al tribunal de instancia por así no hacerlo con respecto al caudal de su causante.

I

Doña Herminia Román (doña Herminia) contrajo matrimonio con Don Zoilo Ruiz Jiménez c/p Zoilo Jiménez (don Zoilo), sin capitulaciones matrimoniales, el 14 de junio de 1958. Previo al matrimonio con don Zoilo, doña Herminia había procreado un hijo de nombre Marcelino Soto Román. El matrimonio Jiménez-Román procreó un hijo: Reinaldo Jiménez Román. Don Zoilo procreó otros cuatro (4) hijos de nombres Luz Celenia, Gloria, Iris y Ramón, de apellidos Ruiz Rivera. De los autos no se desprende si éstos fueron procreados antes o después del matrimonio con doña Herminia, o si son hijos extramatrimoniales. El hecho es que a la muerte de don Zoilo fueron declarados sus hijos y herederos por el tribunal de instancia.

Doña Herminia falleció intestada el 20 de junio de 1974. A raíz de su deceso, don Zoilo instó la correspondiente declaratoria de herederos. El 3 de diciembre de 1974 el tribunal de instancia declaró como únicos y universales herederos de doña Herminia a sus hijos Reinaldo Jiménez Román (entonces de 10 años) y Marcelino Soto Román, y a su viudo en la cuota viudal usufructuaria. Sin embargo, ni en ese momento ni posteriormente se liquidó la sociedad de gananciales Jiménez-Román. Tampoco se dividieron los bienes gananciales. No se realizó, por ende, la partición y adjudicación de los bienes del causante a sus herederos.

Posteriormente, en 1976, don Zoilo contrajo segundas nupcias con doña Ana Orosia Méndez (doña Ana).

Don Zoilo falleció en Lares el 22 de enero de 1982. En vida había otorgado dos (2) testamentos. En el primero, otorgado en 1979, mejoraba a su hijo Reinaldo Jiménez Román al dejarle el tercio de mejora y de libre disposición. En dicho

testamento no mencionó a ningún otro heredero. En el segundo, otorgado en 1980, dejaba el tercio de libre disposición a doña Ana, al otorgarle ese tercio de una parcela de terreno sita en el barrio Pueblo de Lares.[1] En este testamento declaró tener un hijo llamado Reinaldo Jiménez sin mencionar otros herederos forzosos. Además, en 1981, don Zoilo suscribió un afidávit en el cual disponía de la finca en el barrio Pueblo de Lares y una casa allí enclavada a favor de su hijo Reinaldo Jiménez.

Luego de la muerte de don Zoilo, sus herederos tramitaron la correspondiente declaratoria de herederos. El tribunal de instancia declaró como únicos y universales herederos del óbito a sus hijos Ramón, Iris, Gloria y Luz Celenia Ruiz Rivera y Reinaldo Jiménez Román, así como doña Ana en la cuota viudal usufructuaria.

---

[1] Según las determinaciones de hecho del tribunal de instancia:

"El caudal relicto de don Zoilo Jiménez Ruiz se compone de las siguientes propiedades, cuya descripción y valor son como sigue:

"A. RUSTICA: Radicada en el Barrio Pueblo de Lares, P.R., con una cabida superficial de mil treinta y tres punto sesenta metros cuadrados de terreno (1033.60m²); colinda por el Norte con Ramón Torres; por el Sur Rosa López; al Este Sucesión Enrique Gómez y al Oeste con el Solar B. Inscrita al folio 239 del Tomo 204, finca [Núm.] 8,922 de Lares, Puerto Rico.

"El Tribunal valora esta propiedad en $26,409.00 tomando en consideración la tasación del tasador Getulio Rodríguez González y los aumentos con los costos de construcción desde el 1983 en adelante.

"B. RUSTICA: Radicada en el Barrio Pueblo de Lares, P.R.; con una cabida superficial de cuatrocientos sesentiocho punto cuarentiuno metros cuadrados (468.41 m²) de terreno; en lindes por el Norte en 24.50 metros con la Parcela [Núm.] 7; al Sur en 24.50 metros con la Parcela [Núm.] 5; al Este en 18.66 metros con el Solar B y al Oeste en 19.59 metros con terrenos propiedad del Departamento de Instrucción Pública. Inscrita al Folio 106 vuelto, Tomo 215 de Lares, finca [Núm.] 10,026, inscripción segunda.

"El Tribunal valora esta propiedad en $4,684.10 tomando en consideración el informe del mencionado tasador, el aumento en el costo de vida, el incremento natural en el valor de los terrenos en Puerto Rico y la devalorización del dólar." *Exhibit* VI, pág. 5.

Pero, además, su muerte produjo que sus alegados herederos presentaran dos (2) pleitos separados, que luego fueron consolidados por el tribunal de instancia. En el primero, doña Ana demandó a los hijos de don Zoilo al reclamar la partición de la herencia conforme al testamento otorgado en 1980. Alegó que, aun cuando dicho testamento era nulo por no incluir la designación de herederos requerida por ley, ello no afectaba su llamamiento como legataria. Los demandados contestaron aceptando la nulidad del referido testamento, pero adujeron que el susodicho legado se limitaba a la propiedad mencionada en la disposición testamentaria.

Luego de los trámites de rigor, el foro de instancia dictó sentencia el 23 de enero de 1984 que declara la nulidad del mencionado testamento y hace constar que la manda o legado en favor de doña Ana permanecía en vigor. Ordenó, además, la división de esta comunidad hereditaria mediante la venta en pública subasta de los terrenos que componían el caudal relicto, luego de realizar el correspondiente avalúo de los mismos.

Así las cosas, el 9 de abril de 1984 los herederos de doña Herminia (sus hijos Reinaldo y Marcelino) presentaron moción que solicitaba la paralización de procedimientos y/o relevo de la sentencia emitida en el primer pleito. Solicitaron que, previo a la partición de la herencia de don Zoilo, se liquidara la sociedad de gananciales del primer matrimonio y se realizara la correspondiente partición de los bienes hereditarios dejados por doña Herminia. El tribunal de instancia declaró con lugar la referida moción y reabrió el caso.

Ante tal actuación, los recurrentes instaron el segundo pleito contra los coherederos de don Zoilo y su viuda. Solicitaron que, luego de depurar el caudal de doña Herminia, se ordenara la partición.

El tribunal de instancia procedió a consolidar los dos (2) pleitos. El 9 de diciembre de 1988 dictó sentencia que declara la nulidad de los testamentos otorgados por don Zoilo y

ordenó la distribución de los bienes de acuerdo con la sucesión ab intestato entre los que habían sido declarados herederos de dicho causante. Nada dispuso en cuanto a la liquidación de bienes gananciales del primer matrimonio ni a la adjudicación de la proporción de dichos bienes correspondientes a doña Herminia y a sus herederos (aquí recurrentes). Los recurrentes presentaron moción de reconsideración, la cual fue rechazada de plano por el foro de instancia. Allí adujeron que el tribunal no había resuelto todas las cuestiones que le fueron planteadas.

Luego de recurrir ante nos, emitimos orden para mostrar causa por la cual no debíamos revocar la sentencia dictada por no haberse llevado a cabo la división y liquidación de la sociedad legal de gananciales del primer matrimonio, según solicitado por los recurrentes, previo a la partición del caudal de don Zoilo.

Los recurridos Luz Celenia, Gloria, Iris y Ramón Ruiz Rivera han comparecido para sostener que el foro de instancia no estaba en condiciones de dividir y liquidar la sociedad legal de gananciales del primer matrimonio, porque los recurrentes no sometieron prueba para sustentar el carácter ganancial de los bienes del caudal relicto de don Zoilo según habían alegado en la demanda.

La recurrida doña Ana también compareció para informar a este Tribunal "que está de acuerdo que se revoque la sentencia dictada el 9 de diciembre de 1988 por el tribunal de instancia y que entiende que debe determinarse en dicho tribunal si existió o no un caudal ganancial divisible entre Don Zoilo Jiménez Ruiz y Doña Herminia Román". Moción informativa, pág. 1. Resolvemos.

## II

◼ Estamos ante una situación en que se solicita la partición[2] de dos (2) herencias distintas. Por un lado, los herederos de Doña Herminia Román[3] (recurrentes) y, por otro, los herederos y la viuda de don Zoilo.

En la herencia de doña Herminia, sus herederos (don Zoilo y los recurrentes) iniciaron los trámites conducentes a la partición judicial de la herencia. El trámite se detuvo con la declaración de quiénes eran los herederos, hecha por el tribunal de instancia el 3 de diciembre de 1974.

◼ Ahora bien, con el fin de evitar la confusión de los bienes del causante con los del cónyuge supérstite, en la sociedad legal de gananciales es necesario que, previo al trámite de partición, se realicen varias operaciones que depuren la masa partible entre los herederos del *de cuius*. Al respecto comenta Puig Peña:

> Supone el inventario una relación de bienes y deudas convenientemente separados.
>
> Tal separación de bienes corresponde:
>
> a) Todos aquellos bienes, derechos y acciones que tenía en su poder el causante y que conste fehacientemente que corresponden a un tercero los que quedan lógicamente excluídos del inventario, debiendo proceder aquellos que practican la partición a su devolución, según derecho.
>
> b) Aquellos bienes respecto de los cuales el causante sólo tenía un derecho de usufructo toda vez que, dado el carácter

---

[2] La partición de herencia está regulada por los Arts. 1005–1034 del Código Civil, 31 L.P.R.A. secs. 2871–2919, y por los Arts. 600–605 del *Código de Enjuiciamiento Civil*, 32 L.P.R.A. secs. 2621–2626. Estos artículos del Código de Enjuiciamiento Civil están vigentes. Véase la Regla 72 de Procedimiento Civil, 32 L.P.R.A. Ap. III. La partición incluye el inventario, avalúo, liquidación, división y adjudicación de los bienes del causante. E. González Tejera, *Derecho Sucesorio Puertorriqueño*, San Juan, Ed. Ramallo, 1983, Vol. I, págs. 361–375.

[3] Uno de los herederos de doña Herminia, Reinaldo Jiménez Román, concurre a su vez a la herencia de don Zoilo.

personalísimo de este derecho, deben asimismo ser restituídos.

c) Aquellos bienes poseídos por el causante conforme a un título, según el cual han de pasar a su muerte a otras personas determinadas, sean o no herederos.

d) El lecho que usaron corrientemente los esposos, así como las ropas y vestidos de uso ordinario, los cuales, conforme al Art. 1.420 del Código Civil, deben entregarse al que de ellos sobreviva.

Verificada la separación de estos bienes, que en modo alguno forman parte de la masa patrimonial liquidable, *es necesario después tener en cuenta aquellos bienes que, si bien pueden estar a nombre del de cuius, sin embargo no forman parte de la masa partible. Nos referimos a los bienes que integran la sociedad conyugal, ya que el cónyuge supérstite no recibe su parte en ésta por vía sucesoria, sino por liquidación de la sociedad formada por el de cuius.* Por este concepto es absolutamente preciso, en la práctica de esta liquidación, la intervención del que sobrevive (20 de junio de 1932).

Verificada aquella separación y devueltos los bienes de la sociedad conyugal, entramos en lo que propiamente debe constituir la masa partible. (Énfasis suplido.) F. Puig Peña, *Compendio de Derecho Civil Español, Sucesiones*, 3ra ed. rev., Madrid, Eds. Pirámide, 1976, Vol. VI, págs. 81–82.

■ El profesor González Tejera, citando a Espín, resume la norma en forma clara:

Cuando el causante fuese casado, antes de realizar la liquidación de su herencia hay que proceder a separar sus bienes de los de su cónyuge, y en el caso de existir la sociedad legal de gananciales habrá también que liquidar dicha sociedad, según las reglas propias de la misma, atribuyendo a la mujer lo que le corresponda por razón de dote o parafernales, al marido su capital propio o a ambos su mitad de gananciales. E. González Tejera, *Derecho Sucesorio Puertorriqueño*, San Juan, Ed. Ramallo, 1983, Vol. I, pág. 368. Véanse, además: J. Puig Brutau, *Fundamentos de Derecho Civil*, 3ra ed., Barcelona, Ed. Bosch, 1983, T. V, Vol. III, págs. 471 y 502; J.R. Vélez Torres, *Derecho de Sucesiones*, Madrid, Ed. Sáez, 1974, pág. 330; D. Espín Cánovas, *Manual de Derecho Civil Español*,

5ta ed., Madrid, Ed. Rev. Der. Privado, 1974, Vol. V, pág. 155;
E. Menéndez, *Lecciones de Derecho de Familia*, San Juan,
Ed. Universitaria, 1976, págs. 242–243.

■ De suerte que, previo al trámite de partición y correspondiente avalúo y adjudicación de los bienes que integran la masa partible de don Zoilo, debió realizarse la división y liquidación de la sociedad legal de gananciales compuesta por don Zoilo y doña Herminia.[4]

■ La sabiduría de ese principio de depuración del caudal reside en que tanto el cónyuge supérstite como los herederos del causante, del matrimonio previo o matrimonios posteriores, no quedan afectados en sus derechos sucesorales por la posible confusión de bienes. Aquí, por ejemplo, el derecho de suceder a doña Herminia de su hijo del matrimonio anterior, Marcelino Román Soto, queda salvaguardado al aplicar ese principio.

La valoración de los bienes al realizar la liquidación de la sociedad legal de gananciales Jiménez-Román será aquella que tenía al momento de morir doña Herminia en 20 de junio de 1974.

■ Cuando resulte imposible precisar la proporción de bienes privativos y gananciales de cada sociedad legal de gananciales, aplica el Art. 1326 del Código Civil, 31 L.P.R.A. sec. 3701, el cual dispone la forma de hacer la liquidación de los bienes gananciales de dos (2) o más matrimonios contraídos por una misma persona. Véanse: *Admon. Jud. de Vidal v. Herederos*, 19 D.P.R. 631, 633–634 (1913); *Santiago v. Tribl. de Contribuciones*, 69 D.P.R. 305, 313 (1948). Dicho

---

[4] La operación particional de la liquidación de gananciales no conlleva necesariamente la partición y adjudicación de los bienes a cada heredero del cónyuge premuerto. Estos pueden permanecer en comunidad en cuanto a esos bienes. Sólo cuando, como en este caso, solicitan la partición de esa herencia procede la adjudicación de tales bienes (de existir los mismos) una vez depurados.

artículo ha sido objeto de extremo análisis por los trata-distas. Véanse: Menéndez, *op. cit.*; L. Díez-Picazo y A. Gu-llón, *Sistema de Derecho Civil*, 3ra ed., Madrid, Ed. Tecnos, 1983, Vol. IV, págs. 272–273; A.H. Guaglianone, *Disolución y liquidación de la sociedad conyugal*, Buenos Aires, Ed. Ediar, 1965, págs. 349–357; J.M. Manresa y Navarro, *Co-mentarios al Código Civil Español*, 6ta ed., Madrid, Ed. Reus, 1969, T. IX, págs. 937–943; F. Puig Peña, *Tratado de Derecho Civil Español*, Madrid, Ed. Rev. Der. Privado, 1953, T. II, Vol. I, págs. 344.(5)

 El Art. 1307 del Código Civil dispone que se repu-tan gananciales todos los bienes del matrimonio mientras no se demuestre que pertenecen privativamente al marido o a la mujer. 31 L.P.R.A. sec. 3647. Véanse: *Robles Ostolaza v. U.P.R.*, 96 D.P.R. 583, 588 (1968); *Franco v. Mayagüez Building, Inc.*, 108 D.P.R. 192 (1978); *García v. Montero Saldaña*, 107 D.P.R. 319 (1978). Quien reclama que son pri-vativos le incumbe destruir esa presunción por preponderan-cia de la prueba. *Echevarría Jiménez v. Sucn. Pérez Meri*, 123 D.P.R. 664 (1989); *Blanes v. González*, 60 D.P.R. 567, 571 (1942); *Vda. de Fernández v. Registrador*, 98 D.P.R. 765 (1970); Menéndez, *op. cit.*

Por lo tanto, correspondía a los recurridos destruir, con preponderancia de la prueba, la presunción de gananciales de los bienes adquiridos por su causante vigente el matrimo-nio Jiménez-Román. *Cf. Adm. Judicial de Vidal v. Vidal*, 19 D.P.R. 634, 635–636 (1913).

---

(5) De esos tratadistas, consúltese a Guaglianone y a Manresa para obtener la fórmula matemática y práctica de hacer el cómputo para la liquidación. Estos autores discuten ejemplos prácticos. J.M. Manresa y Navarro, *Comentarios al Código Civil Español*, 6ta ed., Madrid, Ed. Reus, 1969, T. IX, págs. 939–941; A.H. Guaglianone, *Disolución y liquidación de la sociedad conyugal*, Buenos Aires, Ed. Ediar, 1965, págs. 954–955.

Los aquí recurrentes alegaron que durante el tiempo en que estuvieron casados don Zoilo y doña Herminia adquirieron bienes con fondos de la sociedad legal de gananciales. En específico, que la casa dedicada a vivienda construida en el Solar A, en el barrio Pueblo de Lares, lo fue con bienes gananciales. Esa casa y el solar, valorados por el foro de instancia en $26,409, fueron adquiridos vigente el matrimonio Jiménez-Román. Esas circunstancias dan vida a la presunción de gananciales. Art. 1301 del Código Civil, 31 L.P.R.A. sec. 3641. Véanse: *Vda. de Fernández v. Registrador*, supra; *Espéndez v. Vda. de Espéndez*, 85 D.P.R. 437, 442–443 (1962); salvo prueba en contrario, *García v. Montero Saldaña*, supra.

La falta de depuración de la masa partible de cada uno de los causantes ha complicado el caso de autos. A la comunidad de bienes indivisa surgida con la muerte de doña Herminia compuesta por los hijos de la causante y don Zoilo, se ha unido otra comunidad de bienes indivisa sobre bienes comunes compuesta por los herederos de don Zoilo y su viuda doña Ana. Correspondía al tribunal de instancia aclarar la situación. Para ello, le servía de norte lo dispuesto en el Art. 1326 del Código Civil, *supra*, con respecto a la ejecución simultánea de la liquidación de bienes gananciales de dos (2) o más matrimonios contraídos por una persona. Por el contrario, emitió una sentencia que puso fin al pleito sin aclarar la situación jurídica de la comunidad de bienes indivisa creada con la muerte de doña Herminia.

No cabe duda que el foro de instancia no resolvió todos los asuntos ante su consideración, todo ello en perjuicio de los derechos hereditarios de los recurrentes.

*Se dictará sentencia que expida el auto, que revoque la del tribunal de instancia y que devuelva el caso a dicho foro para continuar con los procedimientos en forma compatible con lo aquí expuesto.*

El Juez Asociado Señor Rebollo López concurre con el resultado sin opinión escrita. El Juez Asociado Señor Negrón García no intervino.