# United States Court of Appeals
## For the First Circuit

———————————

No. 00-1084

ROBERT W. MANGIERI,

Plaintiff, Appellant,

v.

PAUL MANGIERI, AS EXECUTOR OF
THE ESTATE OF JOSEPH F. MANGIERI,

Defendant, Appellee.

———————————

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Robert E. Keeton, U.S. District Judge]

———————————

Before

Torruella, Chief Judge,

Wallace,* Senior Circuit Judge,

and Lipez, Circuit Judge.

———————————

Peter D. Prevett for appellant.
Pamela E. Terry, with whom Forman, Terry, Hickey & Garrahan L.L.P.
was on brief, for appellee.

———————————

_____

* Of the Ninth Circuit, sitting by designation.

September 11, 2000
_____

**TORRUELLA, Chief Judge.** This case arises from a will contest between plaintiff-appellant Robert W. Mangieri and defendant-appellee Paul Mangieri, who are, respectively, the only son and a nephew of the now deceased Joseph F. Mangieri. The case was filed on August 31, 1999. The complaint alleges two claims: first, a claim under Massachusetts General Laws Chapter 191 § 20, the omitted child statute; and second, a breach of fiduciary duty claim against appellee Paul Mangieri based on his actions as executor of the estate of Joseph W. Mangieri. The district court granted summary judgment for appellee on November 4, 1999. For the reasons stated below, we affirm.

The essential facts are as follows: On November 2, 1984, Joseph F. Mangieri executed a will in which he divided his estate between his brothers, Robert L. and Sal Mangieri, his sister-in-law, Josephine Mangieri, and other beneficiaries. The 1984 will contained a clause stating that any children not provided for in the will were intentionally omitted from the will. The 1984 will made no provision for decedent's son, Robert W. Mangieri. On February 12, 1987, Joseph executed a second will. The 1987 will did not make any provision for Robert; however, in contrast to the 1984 will, it did not expressly state that this omission was intentional. The 1987 will left the entire estate to testator's nephew, Paul Mangieri. Paul Mangieri was also named executor of the 1987 will. On May 28, 1997, Joseph directed his attorney to draw up a new will, which, if executed, would have left

the bulk of his estate to his son Robert.  Joseph died on June 10, 1997 without having signed the new will.

A trial ensued in the Massachusetts Probate Court.  On April 12, 1999, the probate court issued detailed findings of fact and conclusions of law.  For our purposes, it is only relevant that (1) the court explicitly found that testator-decedent had deliberately left his son Robert out of the 1987 will, and (2) the court admitted the 1987 will to probate as the Last Will and Testament of the Decedent.  Robert Mangieri neither filed a motion to amend the probate court's findings of fact nor appealed the court's judgment.

On August 31, 1999, appellant filed suit against Paul Mangieri, as executor of the estate of Joseph F. Mangieri, in the United States District Court for the District of Massachusetts.  As indicated, the complaint alleges (1) a claim under Massachusetts General Laws Chapter 191 § 20, the omitted child statute, and (2) that Paul Mangieri committed a breach of his fiduciary duty as executor of Joseph F. Mangieri's estate by failing to consider Robert's claim as an omitted child and thus failing to protect Robert's interest as one of the testator's heirs.  Appellant alleges that jurisdiction is proper pursuant to 28 U.S.C. § 1332, the federal diversity of citizenship statute.

At the time appellant filed his complaint in federal court, he simultaneously filed a motion for an ex parte temporary restraining

order.  Following a hearing, the trial court denied the motion on September 2, 1999.  After notice to opposing counsel was provided, the court held a second hearing on September 8, 1999.  At that time, appellee filed a motion to dismiss, which the district court construed as a motion for summary judgment.  Thereafter, on September 15th, appellant renewed his motion for a preliminary injunction.  On November 4, 1999, the district court issued an order granting appellee's motion to dismiss, denying appellant's motion for preliminary injunction, and entering judgment for appellee, Paul Mangieri.  The court reasoned, in part, that:

> The core issues that require dismissal of this case in the view of this court are that (1) this court lacks authority to hear and resolve this case on the merits because this controversy is within the jurisdiction of the Probate Court of the Commonwealth of Massachusetts and that court has taken jurisdiction and issued findings and conclusions that preclude plaintiff's claim, and (2) this court either lacks jurisdiction . . . or in the exercise of discretion should not exercise jurisdiction to make any order that would be inconsistent with or otherwise impede completion of proceedings in that court before it has reached a final disposition.

Mangieri v. Mangieri, No. 99-11812, slip op. at 7 (D. Mass. Nov. 4, 1999).

We believe that the district court's ruling in this case is amply supported by both the record and the law and needs little analysis.  Under the probate exception to diversity jurisdiction, "a

federal court may not probate a will, administer an estate, or entertain an action that would interfere with pending probate proceedings in a state court or with a state court's control of property in its custody." Ashton v. Josephine Bay Paul & C. Michael Paul Found., Inc., 918 F.2d 1065, 1071 (2d Cir. 1990) (citing Markham v. Allen, 326 U.S. 490, 494 (1946)). While "[t]he precise scope of the probate exception has not been clearly established," it is clear that "[a]s a general matter, courts tend to view the probate exception as extending to all suits 'ancillary' to the probate of a will." Georges v. Glick, 856 F.2d 971, 973 (7th Cir. 1988) (citing Dragan v. Miller, 679 F.2d 712, 715 (7th Cir. 1982)). In this Circuit, we have previously stated:

> It is obvious that insofar as the complaint requests the district court to order the defendants to turn over to the plaintiff property which they received in their capacity as fiduciaries, and for which they are accountable to the probate court, the federal district court had no jurisdiction.

Kittredge v. Stevens, 126 F.2d 263, 266 (1st Cir. 1942). Against this background, it is clear that this case falls squarely within the probate exception to the diversity jurisdiction of the district court.

First, appellant's claim is within the jurisdiction of the Massachusetts Probate Court. Second, as appellant concedes, the relief he requests would require the district court to set aside the ruling of

the probate court that appellant Robert was deliberately omitted from the 1987 will and that the 1987 will must be admitted to probate as the Last Will and Testament of the Decedent.  In fact, the complaint "demands that [the district court] find Plaintiff is an omitted child, is entitled to an intestate share of the testator-decedent, Joseph F. Mangieri's estate, and order Paul Mangieri, as executor, to distribute the estate accordingly."  In our view, the district court correctly declined to do so on the ground that this would improperly interfere with a probate proceeding currently pending before the Massachusetts State Probate Court.[1]

For the reasons stated, the decision of the district court is **affirmed**.

---

[1] In light of our conclusion that the probate exception to federal diversity jurisdiction applies to this case, we need not address the district court's alternative holding that abstention is proper pursuant to the Rooker-Feldman doctrine.  See Mangieri, No. 99-11812, slip op. at 8 (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983), and Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)).