Maria Ofelia JUNCO MULET, Plaintiff,

v.

Ramon Jose JUNCO DE LA FUENTE, et al., Defendants.

No. CIV. 02–1825(SEC).

United States District Court, D. Puerto Rico.

Oct. 22, 2002.

Jesús E. Cuza–Abdala, Goldman Antonetti & Cordova, San Juan, PR, for Plaintiffs.

Pedro Jimenez–Rodriguez and Michael E. McCall, Correa Calzada Herrero Jime-

nez & Fortuño, San Juan, PR, for Defendants.

## OPINION AND ORDER

CASELLAS, District Judge.

Before the Court is Defendants' motion to dismiss for lack of subject matter jurisdiction (**Docket # 9**). Plaintiff has opposed said motion (**Docket # 20**), and Defendants have filed a reply to the opposition. Having considered all the arguments, the Court finds that the probate exception to diversity jurisdiction is applicable in this case. Therefore, Defendants' motion will be **GRANTED** and the case will be **DISMISSED WITHOUT PREJUDICE**.

### Factual Background

This case involves an ongoing probate and partition process in Case No. KGV 1999–1832(604) before the Superior Court of San Juan, relating to the division of the Estate of a Puerto Rico decedent, José Manuel Junco Abarca (the Estate). The Estate is composed exclusively of residents of Puerto Rico and consists principally of stock in Puerto Rico corporations. Plaintiff has filed the present action for damages against the Executor of said Estate, Ramón José Junco de la Fuente, charging him with negligence and recklessness in the management of the affairs of the Estate. The Complaint alleges that the negligent and reckless conduct of the Executor has caused severe damages to the Estate, and that by failing to protect the Estate's assets he has also exposed the Estate to liability.

The decedent executed a will dated January 13, 1999 (the Will) in which he designated his widow and two daughters as heirs. The Will appointed Defendant as both executor and partitioner[1], and provided for an initial period of two years, extendable for two more years, to effect probate and partition. This total period of four years has not yet elapsed. Defendant accepted the duties of executor and obtained from the Superior Court of San Juan the power to act as such.

Defendant had informed the heirs that he would be shortly making the final submission of his report in the local probate proceedings, when he was served with the present complaint. On October 1, 2001, Defendant presented a report in the probate proceedings and scheduled a meeting for the approval of the division ("cuaderno particional"). Plaintiff requested postponement of the scheduled meeting and refused to participate in such meeting. The meeting went forward and the "cuaderno particional" was finalized subject to court approval.

On November 9, 2001, Plaintiff presented her formal objections to the report in the probate proceedings. The report was specifically objected to by Plaintiff on the grounds that the Executor had not taken the necessary steps to protect the Estate and had failed to identify assets of the Estate. Plaintiff also asserted that Defendant had been negligent in performing his duties. She further requested permission to take depositions in aid of her objections. The Superior Court held a hearing to determine the procedure to be followed to resolve Plaintiff's objections, and provided for a period of discovery. Once discovery has been completed, a hearing will be held to consider evidence on such matters, and the Court will proceed to rule on all objections.

1. The partitioner or commissioner is known under Puerto Rico Civil Law as "contador partidor." *See* 31 P.R. Laws Ann. § 2621.

**Applicable Law and Analysis**

The duties of Defendant as an Executor are governed by various provisions of the Civil Code of Puerto Rico, 31 P.R. Laws Ann. § 2081 *et seq.;* and of the Puerto Rico Code of Civil Procedure of 1933, 32 P.R. Laws Ann. § 2241 *et seq.; Crehore v. Registrar of Property,* 22 P.R.R. 30, 32–34 (1915); and *Mollfulleda v. Ramos,* 3 P.R.R. 239, 245 (1903). The executor acts as a representative of the heirs; his executorship is considered "but an administration accompanied by a right of representation to perform specific functions relating to the conservation of the hereditary estate until the inheritance is accepted by the heirs …" *Paine v. Secretary of the Treasury,* 85 P.R.R. 787, 790 (1962). He cannot resign without the consent of the local court upon a finding of just cause. 31 P.R. Laws Ann. § 2518; *Ex parte González Muñiz,* 128 D.P.R. 565, 574, 1991 WL 735311 (1991); and *Mollfulleda,* 3 P.R.R. at 245.

Moreover, under applicable Commonwealth law, the executor is bound to render a detailed final account to the Superior Court for its analysis and approval, and for issuance of a final order approving the account after notice to the heirs. 32 P.R. Laws Ann. § 2512–2514. If any objection is presented by any of the heirs, such as Plaintiff has done in the local probate proceedings, the Superior Court will hold a hearing to determine whether the final account should be approved; proof may be presented therein by the heirs in support of their objections. 32 P.R. Laws Ann. § 2513; *Marchese Vivó v. Marchese Vivó,* 81 D.P.R. 729, 1960 WL 14009 (1960). The issuance of a final order by the local court regarding the final account of the executor is then subject to an appeal. 32 P.R. Laws Ann. § 2514; *Mercado Riera v. District Court,* 71 P.R.R. 739, 751 (1950), *reversed on other grounds,* 72 P.R.R. 232 (1951).

On the other hand, prior to the actual partition of the estate after the approval of the final account, the heirs do not possess rights to property over any assets, but merely an entitlement over an "abstract quota" in the estate. González Tejera, *Derecho Sucesorio Puertorriqueño,* Vol. I, pp. 294–295 (Ed. Ramallo 1983). Where as here an heir raises objections to the proposed partition on grounds that the executor has failed to properly identify or protect assets of the estate, the issue of potential mismanagement is considered during the approval of the final account, and the Court may reserve to the heirs the right to sue the executor if, upon reviewing the final account, it finds that he may be liable to the heirs. *Id.* at 371–72

The Superior Court, in its recent hearing on Plaintiff's objections allowed Plaintiff to raise and assert any claims and allegations pertaining to the conduct of the Executor, although it decided to not rule on them **at this time.**[2] Although the probate proceedings do not concern the potential personal tort liability of the Executor, they will pass on all of the acts of the Executor undertaken in connection with the Estate which the parties may wish to raise.

Defendants argue that this case should be dismissed because it falls within the probate exception to federal diversity jurisdiction. Federal jurisdiction based on diversity of citizenship is "subject to a well-known judge-made exception that federal courts generally will not act in probate matters even though diversity of citizenship is present." *Kausch v. First Wichita*

---

**2.** This is contrary to Plaintiff's assertion that the Commonwealth court had stated that it would not address these issues **at all.**

*National Bank,* 470 F.2d 1068, 1069 (5th Cir.1972); and *Lutsky v. Lutsky,* 310 F.Supp. 517, 518 (S.D.Fla.1970), *affd.,* 433 F.2d 346 (5th Cir.1970). *Accord Mangieri v. Mangieri,* 226 F.3d 1, 2–3 (1st Cir.2000), *cert. denied,* 531 U.S. 1080, 121 S.Ct. 781, 148 L.Ed.2d 678 (2001), *quoting Georges v. Glick,* 856 F.2d 971, 973 (7th Cir.1988) (First Circuit recognized that " 'as a general matter, courts tend to view the probate exception **as extending to all suits ancillary'** to the probate of a will") (emphasis added); *Dragan v. Miller,* 679 F.2d 712, 716–717 (7th Cir.1982); *DiTinno v. DiTinno,* 554 F.Supp. 996, 998 (D.Mass. 1983), *citing Markham v. Allen,* 326 U.S. 490, 494, 66 S.Ct. 296, 90 L.Ed. 256 (1946) ("There is, however, a judicially created exception which places probate matters outside of the jurisdiction of the federal courts.")

"The Supreme Court has long held that a federal court has no jurisdiction to administer an estate or entertain an action that would interfere with probate proceedings pending in a state court or property controlled by a state probate court." *Howard v. Brown,* 738 F.Supp. 508, 510 (S.D.Ga.1988), *citing Markham,* 326 U.S. at 494, 66 S.Ct. 296. *Accord, Moser v. Sisko Pollin,* 294 F.3d 335, 339 (2nd Cir. 2002), *quoting Markham,* 326 U.S. at 494, 66 S.Ct. 296 (noting "the Supreme Court's admonition that federal courts sitting in diversity may not 'interfere with the probate proceedings' concurrently pending before a state court."); *Mangieri,* 226 F.3d at 2 *citing Ashton v. The Josephine Bay Paul & C. Michael Paul Found.,* 918 F.2d 1065, 1071 (2nd Cir.1990); *Rice v. Rice Foundation,* 610 F.2d 471, 474, 475 (7th

Cir.1979) ("the touchstone in applying the exception is the desire of the federal courts to avoid interference with state probate proceedings"); *Kittredge v. Stevens,* 126 F.2d 263, 267 (1st Cir.1942) ("If the issues presented by the complainant involve a consideration of the actual handling of the trust property by the fiduciaries, then the federal courts would appear to have no jurisdiction."); *Donato v. BankBoston, N.A.,* 110 F.Supp.2d 42, 45 (D.R.I. 2000) *quoting Kittredge,* 126 F.2d at 267 (" 'We have found no authority for the position that a federal court has jurisdiction over a case which would involve an examination of the general administration of [an estate] by a state probate court.' "); *Reynolds v. Remick,* 82 F.Supp. 281, 282 (D.Mass.1949); *Flanigan v. Security–First Nat. Bank,* 41 F.Supp. 77, 82 (S.D.Cal. 1941); and *Ellis v. Stevens,* 37 F.Supp. 488, 491 (D.Mass.1941), *affd.,* 126 F.2d 263 (1st Cir.1942)("The long established rule is that an accounting by an administrator, or executor, is exclusively a matter for the probate court having jurisdiction over the estate.")

In *Turton v. Turton,* 644 F.2d 344 (5th Cir.1981), which like this case involved a suit brought against an executor personally for alleged malfeasance in administration of an estate, the court of appeals held that a federal court must look past the label the plaintiff has given to his claim and analyze the actual effect such suit would have on the administration of the decedent's estate.[3] "The feature that controls federal jurisdiction in such cases is the effect a judgment would have on the jurisdiction of the probate court. Hence,

---

3. *Accord, Dragan v. Miller,* 679 F.2d 712, 716–17 (7th Cir.1982) (Judge Posner writing for the 7th Circuit looked past the "labels that the plaintiffs ha[d] attached to their complaint," which they claimed to be an action in tort, and instead used "a practical approach to defining the scope of the probate exception"); *Moser,* 294 F.3d at 340; *Starr,* 421 F.2d at 1003–1004; and *Rousseau v. United States Trust Co.,* 422 F.Supp. 447, 455 (S.D.N.Y. 1976).

for example, a suit against an executor personally for malfeasance is beyond federal jurisdiction, if it requires a premature accounting of an estate still in probate." *Turton*, 644 F.2d at 348, *citing Starr v. Rupp*, 25 Ohio Misc. 224, 421 F.2d 999 (6th Cir.1970).[4]

Granting the relief sought by Plaintiff in this case would require this Court to inquire into, and make factual findings and conclusions of law regarding, the Executor's identification, administration and handling of assets of the Estate, forcing us to prematurely enter into an accounting and assessment before the local probate court has had an opportunity to rule on these very matters.[5] The Executor's actions in this case are unquestionably subject to the jurisdiction of the local probate court, and under advisement in ongoing probate proceedings. Indeed, Plaintiff is currently availing herself of the rights afforded by 32 P.R. Laws Ann. § 2512–2514 and 2624–2625, to object to approval of the Executor's final account and to the proposed partition. Many, if not all of the same claims and factual allegations which form the basis for this federal action, will unavoidably be passed on by the Superior Court in a forum which is more than adequate for Plaintiff to voice any complaints she may have regarding Defendant's administration of the Estate and/or handling of, or accounting for, Estate assets. In any case, Plaintiff may file a tort action in state court against the Executor once the probate proceedings have been concluded, if she wishes to do so.

Accordingly, any action against the Executor at this juncture is premature [6] and

---

4. *See also, Byers v. McAuley*, 149 U.S. 608, 13 S.Ct. 906, 37 L.Ed. 867 (1893) ("No officer appointed by any court should be placed under the stress which rested upon this administrator, and compelled for his own protection to seek orders from two courts in respect to the administration of the same estate. How can he account for the assets of the estate to the court from which he derived his authority if another court can interfere and take them out of his hands.")

5. *See, Starr*, 421 F.2d at 1003–1004 and 1007 ("In order to grant the relief prayed for by the plaintiffs, it would be necessary for this Court to impose personal liability on [the executor] for the losses to the decedent's estate, resulting from the alleged breach of his fiduciary duties and his failure to account for assets of the estate coming into his possession as executor... **The fact that plaintiffs pray for damages instead of an accounting and equitable relief ... does not confer jurisdiction on a federal court.** The cause of action relating to the other defendants in this case is based on the fact that [the executor] allegedly breached his fiduciary duties. In order to fix their liability, **it would be necessary first to determine whether [the executor] mishandled the estate, which is a question for the Probate Court and not for a Federal Court to decide.**") (emphasis added); *Bedo v. McGuire*, 767 F.2d 305, 306–307 (6th Cir.1985); *Kit-*

tredge, 126 F.2d at 266 (1st Cir.1942); *Bortz v. DeGolyer*, 904 F.Supp. 680, 684 (S.D.Ohio 1995); *McInerney*, 1995 U.S. Dist. LEXIS 377 at *8; *Vizvary v. Vignati*, 134 F.R.D. 28, 30 (D.R.I.1990) (where an action against an executor seeks damages for mishandling of assets of a decedent's estate, federal court has no jurisdiction if there has been no final accounting in the state probate court); and *Rousseau*, 422 F.Supp. at 455–457 (district court found the issue as being "whether an executor can be called to account in a federal court while the estate is being administered in a [state] probate court and the executor required to account there and concluded that it had no subject matter jurisdiction since 'an accounting in the probate court was the means' by which those interested in the estate could establish the liability of an executor for any breach of his duties.")

6. *Mangieri*, 1999 U.S. Dist. LEXIS 22189 at *8; *Vizvary*, 134 F.R.D. at 30 ("Because administration of the [decedent's] estate is still in dispute in the state probate court, plaintiff has prematurely attempted to invoke federal jurisdiction."); *DeWitt v. Duce*, 408 So.2d 216, 218 nn. 5 & 8 (Fla.1981) *citing Benedict v. Smith*, 34 Conn.Supp. 63, 376 A.2d 774 (1977); and *Axe v. Wilson*, 150 Kan. 794, 96 P.2d 880 (Kan.1939) ("The rule is that if adequate relief is available in a probate proceed-

thus outside the scope of federal jurisdiction. *Lightfoot v. Hartman,* 292 F.Supp. 356, 357 (W.D.Mo.1968) ("Actions like the one in the case at bar seeking a personal judgment against an executor or administrator for fraud or any other wrongdoing, may be filed and processed in the federal courts 'but only if a final accounting has been made in the state probate proceedings.'") *quoting* Wright, *Wright on Federal Courts* § 25. *Accord,* 13B Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3610 (1984) ("The same policy of noninterference governs jurisdiction over actions against administrators seeking a personal judgment for damages—for example, for fraud or mismanagement. Those suits may be brought in a federal court only if a final accounting has been held in the state probate court and the administrator has been released from personal responsibility to that court. **Jurisdiction will be declined if there has not been a final accounting or if it is decided that the federal action would interfere with property in the custody of another court and with the control of officers appointed by that court.**") (emphasis added). *See also, McCan v. First National Bank,* 139 F.Supp. 224, 225–228 (D.Or.1954), *affd.,* 229 F.2d 859 (9th Cir.1956) (district court dismissed for lack of federal subject matter jurisdiction action which alleged that executor negligently conducted administration of decedent's estate finding that "the acts charged against the administrator here are all inextricably woven into the administration of the estate.")

Plaintiff has not adequately contested the above-cited precedent which holds that in cases like this one where an Executor is being sued personally for allegedly committing malfeasance in administration of an estate, a federal court must look past the label the plaintiff has given to her claim and analyze the actual effect such suit would have on the actual administration of the decedent's estate. *Turton,* 644 F.2d at 348. Plaintiff has instead miscited *Lamberg v. Callahan,* 455 F.2d 1213, 1217 (2nd Cir.1972), by her use of selective quotation, as allegedly holding that there is an exception to the probate exception to federal diversity jurisdiction for *in personam* actions. However, *Lamberg* and other cases cited by Plaintiff, actually recognize that even a case like this one, which is allegedly brought personally against the executor, still falls within the probate exception to diversity jurisdiction, since the relief sought would interfere with the administration of an ongoing probate and partition proceeding. *See Lamberg,* 455 F.2d at 1216 ("On the other hand, federal diversity jurisdiction may be assumed over a suit to enforce a claim *in personam* against an executor **which will not disrupt the probate court's administration of the estate.**") (emphasis added); and *Dinger v. Gulino,* 661 F.Supp. 438, 442–443 (E.D.N.Y.1987) (same), *quoting Lamberg,* 455 F.2d at 1216.

Plaintiff has similarly misinterpreted other precedent in her opposition. She has also tried to imply that the probate exception to diversity jurisdiction is limited only to states which have specialized courts with exclusive jurisdiction over probate matters and that the exception does not apply to Puerto Rico. This is not correct. Indeed, the primary case which Plaintiff cites in support of this proposition, *Dragan,* 679 F.2d at 715, in fact holds to the contrary. Although *Dragan* did note that if a state has created a special-

---

ing, then that remedy must be exhausted before a tortious interference claim may be pursued."). *Accord, Moore v. Graybeal,* 843 F.2d 706, 711 (3rd Cir.1988). *See also, Jackson v. Kelly,* 345 Ark. 151, 159, 44 S.W.3d 328 (Ark.2001).

ized class of judges that would be one "reason for interpreting the probate exception to the federal diversity jurisdiction broadly," *id.* at 715, it did not hold that, otherwise, the probate exception is to be "narrowly applied," as Plaintiff has claimed it does. *Dragan* was actually a case where the Seventh Circuit found that the complaint was properly dismissed under the probate exception to federal diversity jurisdiction, **despite the fact that Illinois had "abolished separate probate courts."** *Id.* at 715–17 (emphasis added).

Plaintiff has also failed to contest the well-settled principle that any federal action against the defendant executor for personal damages is premature prior to the time that defendant has rendered a final account to the local court, which in turn has then issued a final accounting for the estate. Furthermore, and most importantly, Plaintiff has failed to convince this Court that the proceedings in this case would not interfere with the Commonwealth probate proceedings. In fact, we find that this case squarely fits into the probate exception to diversity jurisdiction. Assessing the Executor's conduct, and whether he was negligent in his duties, would definitely require that we reach the issues that are presently before the Commonwealth court: whether the partition was done correctly, whether all assets were duly identified, whether the accounting was accurate, etc. This is precisely the kind of second-guessing that federal courts should not be in the business of doing. The basic tenets of federalism require otherwise.

### Conclusion

For all the reasons discussed above, the Court finds that it lacks subject matter jurisdiction over this matter, under the probate exception to diversity jurisdiction. Hence, Defendants' motion is **GRANTED,** and the case will be **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED.**