Sonia I. JIMENEZ, Lourdes Molina–Doval, Plaintiffs

v.

Luis Alfonso RODRIGUEZ–PAGAN, Alida Ramona–Binet Mieses, the Conjugal Partnership Rodriguez–Binet, Federico Tomas Rodriguez–Binet and Isabela Beach Court, Inc., Defendants.

Civil No. 07–1257 (SEC).

United States District Court, D. Puerto Rico.

Dec. 12, 2008.

---

Irma R. Valldejuli-Perez, San Juan, PR, for Plaintiffs.

Jose J. Santiago-Melendez, Monica I. De-Jesus-Santana, Fiddler, Gonzalez & Rodriguez, San Juan, PR, for Defendants.

## OPINION AND ORDER

SALVADOR E. CASELLAS, District Judge.

Pending before the Court is Luis Alfonso Rodriguez–Pagán, Alida Ramona Binet–Mieses, the Conjugal Partnership Rodriguez–Binet, Federico Tomás Rodriguez–Binet, and Isabela Beach Court, Inc.'s (collectively "Defendants") motion to dismiss for lack of indispensable party. Docket # 10. After carefully examining the parties' arguments and the applicable law, Defendants' motion to dismiss is **GRANTED.**

## Factual Background

On December 22, 1998, Manuel Molina–Godínez (hereinafter "Molina–Godínez") sold Defendants 100% of the stock in Isabela Beach Court, Inc., an apartment complex development, for $200,000.00. The parties agreed that Molina–Godínez would manage Isabela Beach Court in exchange for a monthly compensation of $7,500.00, up to $150,000.00 annually. Additionally, Molina–Godínez would receive 18% of the proceeds after the apartment complex was completed and all the units were sold. Moreover, Defendants were to pay Molina–Godínez 18% of the proceeds from the sale of Building One, to be built at a later date.

Before construction began, Molina–Godínez verbally agreed to buy one of the penthouses in Isabela Beach Court for $220,000.00, and said unit was reserved for him. On December 12, 2002, Federico Rodriguez–Binet, confirmed this agreement in writing. Shortly thereafter, Molina–Godínez died.

On March 27, 2007, Sonia I. Jiménez (hereinafter "Jiménez"), the decedent's widow, filed the instant complaint, alleging she was entitled to half of her late husband's share of the proceeds from the sale of the Isabela Beach Court apartments, or in the alternative, to the penthouse apartment that had been reserved by Molina–Godínez. In support thereto, Plaintiff noted that at the date of the filing of the instant complaint, the construction of Isabela Beach Court project had been completed, with all the units sold and occupied by their respective buyers. On June 1, 2007, Defendants filed the instant motion to dismiss for lack of indispensable parties. Docket # 10.[1] On August 10, 2007, Jiménez filed an amended complaint to include Lourdes Molina–Doval (hereinafter "Molina–Doval"), Molina–Godínez's daughter and a resident of Florida, as an additional plaintiff. Docket # 20. Defendants objected to the amended complaint and reiterated the arguments set forth in their motion to dismiss. Docket # 21. On March 26, 2008, Jiménez and Molina–Doval (collectively

"Plaintiffs") filed a "Motion Requesting Status of Pending Motion to Dismiss and Opposition" (Docket # 23), asking this Court to deny Defendants' motion to dismiss and order Defendants to answer the amended complaint.

## Standard of Review

### FED.R.CIV.P. 12(b)(7)

■ A party alleging that dismissal is proper due to the absence of an indispensable party must meet the requirements of FED.R.CIV.P. 12(b)(7). To meet this burden, "the moving party may present, and the court may consider, evidence outside of the pleadings." *Raytheon Co. v. Contl. Cas.*, 123 F.Supp.2d 22, 32 (D.Mass.2000). Insofar as Rule 12(b)(7) provides that a party may move to dismiss the case for "failure to join a party under Rule 19 ... [d]ismissal under Rule 12(b)(7) is governed by Rule 19...." *Id.* The Court may dismiss an action when there is an absent party without whom complete relief will not be possible or whose interest in the controversy is such that to proceed without the party might prejudice it, or the parties already present. *Rivera–Rojas v. Loewen Group Int'l, Inc.*, 178 F.R.D. 356, 361 (D.P.R.1998) (internal citations omitted).

■ A two step analysis is required before dismissing a case pursuant to Rule 12(b)(7). *See U.S. v. San Juan Bay Marina*, 239 F.3d 400, 405 (1st Cir.2001). First, the Court needs to determine "whether a person fits the definition of those who should 'be joined if feasible' under Rule 19(a)." *Western Auto Supply Co. v. Noblex Adver., Inc.*, 173 F.R.D. 338, 340 (D.P.R.1997). Once the Court determines that the person in question is a "necessary person" according to Rule 19(a), it must ascertain whether the joinder of said party is feasible. *Id.; B. Fernandez & Hnos v. Kellogg USA*, 516 F.3d 18, 23 (1st Cir.2008). If it is not "feasible" to join, the Court must decide whether "in equity and good conscience the action should proceed among the parties be fore it, or should be dismissed pursuant to Rule 19(b)." *Id.* (quoting *Pujol v. Shearson/Am. Express*,

---

1. Jiménez opposed said motion (Dockets # 13), Defendants replied (Docket # 16) and Jiménez

filed a Sur-reply (Docket # 19).

*Inc.,* 877 F.2d 132, 134 (1st Cir.1989)). "When applying Rule 19(b), the court will ask whether it is so important, in terms of efficiency or fairness, to join this person, that, in the person's absence, the suit should not go forward at all." *Alexandrino v. Jardin de Oro,* 573 F.Supp.2d 465, (D.P.R.2008) (quoting *Pujol,* 877 F.2d at 134).

■ If the threshold requirements of Rule 19(a) are not met, then a Rule 19(b) inquiry is unnecessary. *Temple v. Synthes Corp., Ltd.,* 498 U.S. 5, 7, 111 S.Ct. 315, 112 L.Ed.2d 263 (1990). The movant bears the burden of proof as to both parts of the analysis. *Generadora de Electricidad del Caribe, Inc. v. Foster Wheeler Corp.,* 92 F.Supp.2d 8, 14 (D.P.R.2000); 7 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3d* § 1609 at 129. A "dismissal for failure to join an indispensable party should only be ordered where the movant has carried the burden of producing evidence which shows the nature of the interest possessed by the absentee and that the protection of that interest will be impaired by the absence." *Foster Wheeler Corp.,* 92 F.Supp.2d at 14.

*Applicable Law and Analysis*

Defendants allege that Jiménez's failure to include decedent Molina–Godínez's three (3) children from a previous marriage, two (2) of whom are residents of Puerto Rico, in the initial complaint, merits the dismissal of the case for failure to join indispensable parties. Furthermore, Defendants contend that Jiménez's amended complaint joining Molina–Doval, a Florida resident, is a "failed attempt to correct herself." Docket # 21 at ¶ 2. According to Defendants, Jiménez deliberately excluded Molina–Godínez's children from the initial complaint in order to preserve diversity, because the joining of the non-diverse parties would divest the Court of subject matter jurisdiction. Defendants argue that Jiménez's attempt to maintain diversity by joining Molina–Doval does not cure the Court's lack of jurisdiction, since the non-diverse heirs are still indispensable parties to

this case. As such, Defendants request that the instant claim be dismissed because joinder of the non-diverse heirs would destroy diversity.

Moreover, Defendants argue that the instant claim depends entirely on the outcome of Jiménez's state court suit against Molina–Godínez's heirs, seeking the division of the marital assets.[2] Defendants argue that any rights stemming from the agreement between themselves and the decedent, is part of Molina–Godínez's estate and cannot be allocated until the state court disposes of Jiménez's pending claim. As such, Defendants contend that a ruling by this Court as to Jiménez's entitlement to her part of the marital assets would affect the division of Molina–Godínez's estate and possibly impinge the heirs' rights. Finally, Defendants aver that Jiménez does not adequately represent the rights of Molina–Godínez's non-diverse heirs.

Jiménez's opposition to the dismissal is based on two premises.[3] First, she claims that upon her husband's death, she became owner of half the conjugal partnership and as such, her participation in her husband's estate is not as an heir. Second, Jiménez avers that any heir may bring a suit to recover assets or property belonging to the deceased without having to join the other heirs to the estate. According to Jiménez's initial complaint, a claim seeking collection of monies owed by Defendants to the former conjugal partnership between Molina–Godínez and herself, is separate from her possible rights as an heir to the estate. Jiménez further avers that the suit she filed in state court against Molina–Godínez's children merely seeks the liquidation of the community of property belonging to the conjugal partnership and is not in any way similar to the issues in the case at bar. As such, Jiménez states that the instant claim does not depend on the state court's ruling. Also, Jiménez notes that Defendants are not parties to the state court action. Therefore, Jiménez alleges that the other heirs to the estate will not

---

**2.** *Sonia I. Jimenez Vda. De Molina v. Sucesion Manuel Molina Godínez,* et al, Case No. KAC–2005–0948, is pending before the Court of First Instance, San Juan Superior Court.

**3.** At the time the opposition to Defendants' motion to dismiss was filed, Molina–Doval had not been added as an additional plaintiff to the suit.

be adversely affected by the outcome of the instant case, and as such, they are not indispensable parties.

In the amended complaint, upon joinder of Molina–Doval as an additional plaintiff, Jiménez also modified her request for relief. As a result, Plaintiffs now allege that upon Molina–Godínez's death, a community of property ("comunidad de bienes") was created between themselves and Molina–Godínez's non-diverse heirs and that, as members of this community, they can collect monies owed to the deceased's estate on behalf of all the members of the estate. Based on the foregoing, Plaintiffs demand payment in full of the monies allegedly owed pursuant to the contract executed between Defendants and Molina–Godínez.[4]

■ For purposes of this Opinion and Order, the Court proceeds under the assumption that Molina–Godínez's estate remains undivided. *See Cintron v. San Juan Gas, Inc.,* 79 F.Supp.2d 16, 18 (D.P.R.1999). Jiménez's claim filed in state court supports our conclusion to that effect.[5]

*Necessary Parties*

In this case, we must decide whether Molina–Godínez's two (2) children, who reside in Puerto Rico, are indispensable parties to the instant suit. In order to do so, we must first examine the requisites set forth by Rule 19(a). Said rule provides that an absent person should be joined in a pending action when: (1) complete relief cannot be afforded to those who are already parties, (2) or the person claims to have an interest in the

action and his absence would (i) hinder his ability protect that interest or (ii) leave a person who is already a party "subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." The above mentioned factors constitute the standard used to determine whether a person is "necessary" in a pending action. *See Rivera–Rojas,* 178 F.R.D. at 361 (stating that considerations of fairness and equity should be considered in determining whether a person is a necessary party under Rule 19(a)); *Pujol,* 877 F.2d at 136. "The key is whether the possibility of being subject to multiple obligations is real; an unsubstantiated or speculative risk will not satisfy the Rule 19(a) criteria." Wright, Miller & Kane, § 1604 at 64. The formula for determining whether a party is necessary depends on the facts and circumstances of the case at hand. *Id.* at 38–39. As previously stated, if a party is not a necessary one under Rule 19(a), it cannot be an indispensable one under 19(b), and the analysis would stop there. *Rivera–Rojas,* 178 F.R.D. at 361 (citing *Delgado v. Plaza Las Americas,* 139 F.3d 1, 3 n. 2 (1st Cir. 1998)). *See e.g., Hapag–Lloyd Container Linie, GMBH v. Luis A. Ayala Colon Sucrs., Inc.,* 209 F.R.D. 285, 287 (D.P.R.2002).

■ Thus, we will begin by analyzing the relevant factors set forth by Rule 19(a). First, we find that Defendants could be subjected to a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." If this Court were to grant Plaintiffs' request, Defendants could potentially be sub-

---

4. The Court notes that Jiménez's arguments are, at times, incompatible. In the initial complaint, Jiménez requested half of the proceeds stemming from the contract between Defendants and her deceased husband, alleging that she was entitled to half of the property belonging to the conjugal partnership between her and Molina–Godínez. Jiménez claims that insofar as her participation in Molina–Godínez's estate was not as an heir, but as a member of said conjugal partnership, a ruling by this Court would not affect Molina–Godínez's heirs' rights. Conversely, in the amended complaint, Jiménez alleges that she is an heir to the estate and argues that as such, either she or Molina–Godínez's daughter could collect monies owed to the estate and adequately represent the non-diverse parties' interests.

5. Pursuant to Puerto Rico case law, the surviving spouse has "an undivided interest of half of the properties constituting the conjugal partnership, not by inheritance, but as an owner." *Lopez Valdes v. Superior Court,* 96 P.R. Dec. 779, 781 (1968); *see also, Orosia Mendez v. Ruiz Rivera,* 124 P.R. Dec. 579 (1989). Nevertheless, the surviving spouse will receive her share in the latter by liquidation of the conjugal partnership, which is the first step in the partition of the deceased's estate. *Id.* Therefore, even though Jiménez may be entitled to half of the proceeds stemming from the contract between Defendants and Molina–Godínez, Molina–Godínez's children have an interest in the other half of those monies Plaintiffs seeks to collect in the instant case.

jected to inconsistent obligations [6] as to Molina–Godínez's non-diverse heirs, arising from the same contract. The Court notes that even though the appearing parties are not presently disputing the amounts of money allegedly owed, if the case before us were to continue, controversies could arise as to both the validity of the contract and the sums due thereunder. This could in turn affect future obligations imposed on Defendants by the non-appearing heirs.

Additionally, the non-diverse heirs' interests may be impacted by a determination made in this case regarding the estate property. *See* Docket #10, n. 1. Since each particular heir possesses a right to a portion of Molina–Godínez's estate, any ruling by this Court regarding the validity of the aforementioned contract, monies owed, and any payments due will necessarily affect the forced heirs' interests in the deceased's estate. Therefore, the absence of the non-diverse heirs could deprive them from the opportunity to participate in the proceedings, thus, impeding the Court to grant complete and effective relief. Moreover, the division of Molina–Godínez's estate is a matter for the state court to decide. *See* 31 P.R. Laws Ann. §§ 2871–2905 (2005). Federal Courts do not look favorably upon entertaining probate matters (such as the administration of an estate, the probate of a will or other purely probate matters), which are best left for the state courts to decide. *See Marshall v. Marshall,* 547 U.S. 293, 126 S.Ct. 1735, 164 L.Ed.2d 480 (2006); *Mangieri v. Mangieri,* 226 F.3d 1 (1st Cir.2000).

Based on the foregoing, we conclude that Molina–Godínez's non-diverse heirs are necessary parties to this suit.

**6.** Inconsistent obligations pursuant to Rule 19(a) "occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident." *Delgado v. Plaza Las Americas, Inc.,* 139 F.3d 1, 4 (1st Cir.1998).

**7.** In order to maintain an action in federal court based upon diversity, the parties must be domiciled in different states and the claim must exceed $75,000.00. 28 U.S.C. § 1332. "Diversity jurisdiction exists only when there is *complete*

### Indispensable Parties

However, pursuant to Rule 19(a), the joinder of a necessary party is only feasible if it will not deprive the Court of jurisdiction over the subject matter of the case. *Picciotto v. Continental Casualty Co.,* 512 F.3d 9, 18 (1st Cir.2008). Since Molina–Godínez's two sons are residents of Puerto Rico, their joinder would defeat diversity and, as a result, divest the Court of jurisdiction. Upon said finding, we must determine whether they are indispensable under Rule 19(b).

When a party is necessary under Rule 19(a), but its joinder is not feasible, the Court "must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." *B. Fernandez,* 516 F.3d at 23. Whereas Rule 19(a) seeks to bring all interested persons before the Court when feasible, Rule 19(b) guides the Court in determining "whether it is possible to go forward with an action despite the nonjoinder of someone whose presence is desirable but not feasible." Wright, Miller & Kane, § 1604 at 62. As previously stated, a person's joinder is not feasible when joinder would destroy diversity [7], defeating the court's subject-matter jurisdiction. *Id.* at 84. Rule 19(b) grants the court ample discretion in deciding whether the action should go forward or be dismissed. *Id.* at 68. If the Court determines that the action must be dismissed, then the absent person is regarded as indispensable. *Id.* at 85.

In deciding whether a party is indispensable, Rule 19(b) provides for the consideration of four factors: (1) the prejudice that would be suffered by persons already parties in the case, should a judgment befall; (2) the extent to which the Court may lessen or

diversity, that is, when no plaintiff is a citizen of the same state as any defendant." *Gabriel v. Preble,* 396 F.3d 10, 13 (1st Cir.2005)(italics in original). The presence of one non-diverse party divests the district court of jurisdiction over the entire case. *In re Olympic Mills Corp.,* 477 F.3d 1, 6 (1st Cir.2007). Even though diversity is determined at the time the complaint is filed, subsequent events may destroy it, divesting the court of jurisdiction to entertain the case. *Id.* at 7.

avoid said prejudice with protective provisions in the judgment or relief; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action is dismissed. FED.R.CIV.P. 19(b); *see also, B. Fernandez*, 516 F.3d at 23.

■ Furthermore, the Supreme Court has established that Rule 19(b) is designed to protect four interests: (1) the plaintiff's interest in having a forum; (2) the defendant's interest in avoiding multiple litigations, inconsistent relief, or sole responsibility for a liability he shares with another; (3) the interest (rights) of the party that cannot be joined; and (4) the "complete, consistent, and efficient settlement of controversies." *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 635 (1st Cir.1989) (citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968)). These factors are not exhaustive and "a court may take into account other considerations in determining whether or not to proceed without the absentee as long as they are relevant to the question of whether to proceed in 'equity and good conscience.'" *B. Fernandez*, 516 F.3d at 23; *Cintron*, 79 F.Supp.2d at 18; *see also* Wright, Miller & Kane, § 1607 at 88 (citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968)). Thus, the "effective operation of the rule depends on the careful exercise of discretion by the district court." Wright, Miller & Kane, § 1608 at 91.

■ The issue of indispensability is immersed in pragmatic factors and requires a balancing of interests. *Id.* (citations omitted); *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. at 119, nn. 16, 19, 88 S.Ct. 733. The Court must consider numerous factors, some "substantive, some procedural, some compelling by themselves, and some subject to balancing against opposing interests." *Picciotto*, 512 F.3d at 16.

■ Ultimately, "[t]he philosophy of Rule 19(b) is to avoid dismissal whenever possible." 7 Wright, Miller & Kane, § 1604 at 68. Nevertheless, "when a party is deemed indispensable, the court may order the joinder,

even though said action may imply the loss of diversity of citizenship of parties, likewise depriving the Court of jurisdiction over the subject matter." *Baker v. Estate of Felix Rosenbaum*, 58 F.R.D. 496, 498 (D.P.R.1972)(citing *Jett v. Zink*, 362 F.2d 723, 726 (5th Cir.1966)). Therefore, dismissal is proper when the defect cannot be cured and serious prejudice or inefficiency will result. Wright, Miller & Kane, § 1609 at 130.

Four factors guide our inquiry in determining indispensability. The first and third factors deal with the extent as to which a judgment rendered in a person's absence may be prejudicial to him or her, or to those already parties to the case. As previously discussed, since the instant case deals with monies that could become part of the deceased's estate, a judgment to that effect could adversely affect his heirs' interests. The Court concedes that a single heir may bring suit for the benefit of all. However, even assuming *arguendo* that Plaintiffs can collect monies owed to the estate, the Court still must ensure that the absent parties' interests are adequately protected by the appearing party. The First Circuit has held that courts "must be cautious in concluding that a litigant will serve as a proxy for an absent party." *Tell v. Trustees of Dartmouth College*, 145 F.3d 417, 419 (1st Cir. 1998). In this particular case, a ruling by this Court could be highly prejudicial to the absent parties' interests. *See Arias–Rosado v. Gonzalez Tirado*, 111 F.Supp.2d 96 (D.P.R. 2000); *Cintron v. San Juan Gas, Inc.*, 79 F.Supp.2d 16 (D.P.R.1999). Based upon the allegations made by Defendants, "the validity of the contract, as well as the scope of the alleged agreement between Molina (-Godínez) and the defendants, is not being considered at this stage (motion to dismiss) ... Defendants have other defenses on the merits against the claims. This is not the place for those arguments, and defendants do not waive them." *See* Docket # 10, nn. 1 & 2. Consequently, we find that there are potential crucial underlying issues regarding the contract's validity and performance. A ruling by this Court upon these matters may impinge of the non-diverse heirs' rights to the estate and interfere in matters which are best left for the state courts to decide. *See*

*Marshall v. Marshall,* 547 U.S. 293, 126 S.Ct. 1735, 164 L.Ed.2d 480 (2006); *Mangieri,* 226 F.3d at 3. As such, the joinder of Molina–Doval is not enough to protect the non-diverse parties' interests. Moreover, if the suit were to continue before this Court, Defendants could be subject to future judgments imposing conflicting obligations. Therefore, the degree of prejudice that Defendants could suffer in the absence of the non-diverse parties is also considerable.

The second factor is the extent to which the Court could lessen or avoid the alleged prejudice to be suffered by Defendants. The joinder of Molina–Godínez's heirs would avoid any possible prejudice by ensuring that all obligations stemming from the contract between Molina–Godínez and Defendants are adjudicated in the same forum. Nevertheless, since joining them would defeat diversity, joinder is not feasible. Thus, we find that in the absence of all of Molina–Godínez's heirs, the Court is unable to provide a complete, consistent, and efficient resolution of the controversy in this case.

The last factor is of extreme importance. That is whether Plaintiffs would have an adequate remedy should the action be dismissed. Clearly, if the instant suit were dismissed, Plaintiffs are free to file a case in state court, where a complete and appropriate remedy could be afforded.

Thus, after examining the above mentioned factors and taking into consideration the particular facts of this case, we find that Molina–Godínez's non-diverse heirs are indispensable parties to this action. It appearing that their joinder is not feasible in the instant case, in "equity and good conscience", we cannot proceed in their absence. *B. Fernandez,* 516 F.3d at 23. As a result, dismissal is warranted.

For the reasons stated above, Defendants' motion to dismiss for failure to include an indispensable party is hereby **GRANTED.** The above captioned case is hereby **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED.**

