**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 20-1443

FÉLIX ALBERT LEBRÓN-YERO,

Plaintiff, Appellant,

v.

FILIBERTO LEBRÓN-RODRÍGUEZ; MARÍA ELENA LEBRÓN-RODRÍGUEZ; JOHN
DOE; CONJUGAL PARTNERSHIP DOE-LEBRÓN; ANICRUZ LEBRÓN-RODRÍGUEZ;
JOHN ROE; CONJUGAL PARTNERSHIP ROE-LEBRÓN; ANA MARÍA RODRÍGUEZ
DE LEBRÓN; JOHN DOES 1, 2, AND 3; CORPORATIONS A THROUGH Z;
UNKNOWN INSURANCE COMPANIES A THROUGH H,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Raúl M. Arias-Marxuach, Chief U.S. District Judge]

Before

Howard, Chief Judge,
Thompson and Barron, Circuit Judges.

David Efron, with whom Law Offices David Efron, PC was on
brief, for appellant.
Roberto A. Cámara-Fuertes, with whom René J. Avilés-Garcia,
Suleicka Tulier-Vázquez, and Ferraiuoli, LLC were on brief, for
appellees Filiberto Lebrón-Rodríguez, María Elena Lebrón-
Rodríguez, and Anicruz Lebrón-Rodríguez.
Gabriel R. Avilés-Aponte, with whom Avilés-Aponte, LLC was on
brief, for appellee Ana María Rodríguez de Lebrón.

March 2, 2022

**PER CURIAM**. Plaintiff-appellant Felix Alberto Lebrón-Yero ("Lebrón-Yero") filed a four-count complaint in the U.S. District Court for the District of Puerto Rico against his half-siblings and stepmother, among others, alleging that they had fraudulently appropriated assets from the estate of Lebrón-Yero's father and thereby diminished Lebrón-Yero's inheritance of one-sixth of his father's estate. In turn, those defendants, appellees here, filed a motion to dismiss Lebrón-Yero's complaint.[1]

Applying the probate exception to diversity jurisdiction, the district court granted the motion to dismiss Counts I through III of the complaint for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). The district court also dismissed Count IV for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

We review a district court's grant of a motion to dismiss de novo. See Ali Abdisamad v. City of Lewiston, 960 F.3d 56, 59 (1st Cir. 2020). The "probate" exception is a judicially created doctrine "stemming in large measure from misty understandings of

---

[1] In the same action, Lebrón-Yero also sued the following defendants: (1) "John Doe," a spouse of one of his half-siblings; (2) "John Roe," the spouse of another of his half-siblings; (3) "John Does 1, 2, and 3 and Corporations A through Z," which allegedly "caused or contributed" to his damages "by their negligent acts or omissions"; and (4) "Unknown Insurance Companies A through H" which he alleged "insured the [] defendants" and were "jointly responsible . . . for the damages claimed."

English legal history." Marshall v. Marshall, 547 U.S. 293, 299 (2006). "Under the probate exception to diversity jurisdiction, 'a federal court may not probate a will, administer an estate, or entertain an action that would interfere with pending probate proceedings in a state court or with a state court's control of property in its custody.'" Mangieri v. Mangieri, 226 F.3d 1, 2 (1st Cir. 2000)(quoting Ashton v. Josephine Bay Paul & C. Michael Paul Found., Inc., 918 F.2d 1065, 1071 (2d Cir. 1990), cert. denied, 531 U.S. 1080 (2001)), abrogated on other grounds by Marshall, 547 U.S. at 311 (clarifying that the prohibition against "interfer[ing] with [] probate proceedings" is "in part redundant," and proscribes "disturb[ing] or affect[ing] the possession of property in the custody of a state court") (quoting Markham v. Allen, 326 U.S. 490, 494 (1946)).

For substantially the same reasons as those set forth by the district court, Lebrón-Yero v. Lebrón-Rodríguez, No. 18-1665 (RAM), 2020 WL 1493897 (D.P.R. Mar. 24, 2020), we conclude that the court properly applied the probate exception to Count III and also properly dismissed Count IV. We comment briefly on the dismissals of Counts I and II, but we ultimately conclude that Lebrón-Yero has waived any of the arguments that might have helped him prevail on those counts.

In his briefing on Counts I and II, Lebrón-Yero almost exclusively focuses on the fact that "there is no active probate

- 4 -

estate opened," but we have explained that this fact alone does not prevent application of the probate exception. See Mangieri, 226 F.3d at 2 (listing "interfere[nce] with pending probate proceedings" as merely one category under which the probate exception applies). Lebrón-Yero also fails to highlight the potentially significant distinction, as we discuss below, between assets appropriated from an estate prior to, versus subsequent to, a decedent's passing. The only portion of his briefing in which he addresses the probate exception in any meaningful way is with respect to Count IV, which alleged tortious interference, fraud, and unjust enrichment, and which the district court properly found did not fall within the probate exception (in Lebrón-Yero's favor).

Turning to Lebrón-Yero's complaint, Count I of the complaint requested that the district court "order Defendants to render true and complete accounts of the operations, transactions, income and expenses, assets and liabilities from the time they came in possession of the assets of their father until the present date." Finding that the probate exception applied, the district court reasoned that "granting Plaintiff's request for a complete accounting . . . of the [d]ecedent's property would entail 'prematurely enter[ing] into an accounting and assessment before the local probate court has had an opportunity to rule on these very matters.'" Lebrón-Yero, 2020 WL 1493897, at *3 (quoting Junco Mulet v. Junco De La Fuente, 228 F. Supp. 2d 12, 16 (D.P.R.

- 5 -

2002)).  The district court concluded that this would improperly assume general probate jurisdiction and that such an accounting would exclusively be a matter for the probate court having jurisdiction over the estate.  See id. (citing Markham, 326 U.S. at 494 and quoting Ellis v. Stevens, 37 F. Supp. 488, 491 (D. Mass. 1941), aff'd, 126 F.2d 263 (1st Cir. 1942)).

Lebrón-Yero's requested relief, however, necessarily implicates what the defendants allegedly did with the decedent's property prior to the decedent's passing, not just afterward.  For example, the complaint alleges that "[p]rior to the death of [the] decedent . . . the defendant half-siblings . . . in just one of several other suspected transactions, purportedly purchased shares of corporations . . . from the decedent and his wife, codefendant herein, for the amount of $53,900,000.00, which defendants never paid to decedent nor to his estate."  At least this portion of his action, therefore, might be viewed as an equitable one in aid of his fraud claim.

In somewhat analogous circumstances, the court in Wisecarver v. Moore, 489 F.3d 747, 751 (6th Cir. 2007), explained that it "would not implicate the probate exception" for a plaintiff to "seek an accounting of assets received during the last two years of [the decedent's] life" and that the "removal of these assets from [the decedent's] estate during his lifetime removes them from the limited scope of the probate exception."  See also Osborn v.

Griffin, 865 F.3d 417, 435 (6th Cir. 2017) ("The reasoning for this rule is simple: property that a party removes from a decedent's estate prior to his death is not part of the res that is distributed by the probate court."). But Lebrón-Yero does not address these cases, both of which postdate and refer to the Supreme Court's most recent pronouncement on the probate exception in Marshall v. Marshall, 547 U.S. 293 (2006) (narrowing the probate exception).

Count II requested that the district court "order the restitution of all income, monies, properties and securities to the estate of [the decedent], with interest." The district court understood Lebrón-Yero's request that "the [d]ecedent's heirs return property that should belong to the estate" as a "purely probate matter that would require this Court to validate the will as well as oversee and administer property of the estate." Lebrón-Yero, 2020 WL 1493897, at *4. The district court relied on our court's explanation in Jiménez v. Rodríguez-Pagán that "[w]hile divvying up an estate falls squarely within the probate exception, merely increasing it does not." 597 F.3d 18, 24 (1st Cir. 2010) (citing Gustafson v. zumBrunnen, 546 F.3d 398, 400 (7th Cir. 2008)).

It is not entirely clear to us that Lebrón-Yero's requested relief involves divvying up an estate rather than merely increasing it. At least a portion of his requested relief seeks

to add to the estate certain assets appropriated prior to the decedent's passing, which would be merely increasing the estate. The Sixth Circuit addressed this scenario as well. In Osborn v. Griffin, that court further explained that because property removed from the decedent's estate prior to his death is not part of the res, "ordering a defendant to disgorge the profits acquired from such property does not require either setting aside the decedent's will, or redistributing assets that were parceled out by the probate court," and thus such relief fell outside the scope of the probate exception. 865 F.3d at 435. See also Capponi v. Murphy, 772 F. Supp. 2d 457, 466 (S.D.N.Y. 2009) ("Where a plaintiff seeks to recover assets allegedly in a defendant's possession so that they may be returned to the estate, the probate exception does not apply." (quotation and alteration omitted)).

These out-of-circuit authorities are of course not binding on us, and we have not yet had occasion to decide whether seeking an accounting and restitution of assets removed from the estate prior to a decedent's passing falls outside the probate exception. We note, however, that a colorable argument could be advanced in the other direction: namely, that application of the Sixth Circuit's approach to this case might overlook the issue that Lebrón-Yero's requested accounting and restitution would essentially require a federal district court to determine what is within and what is without a decedent's estate, potentially

implicating the core functions of the probate court and assuming general probate jurisdiction.  See Markham, 326 U.S. at 494.

We express no view as to the merits of these arguments because, on appeal, Lebrón-Yero does not make an argument along the lines of Wisecarver or Osborn, much less develop an argument along those lines.  The argument is therefore waived.  See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).  We were not briefed on that specific issue, and "it is not our job to do the parties' homework for them."  United States v. Rivera-Carrasquillo, 933 F.3d 33, 43 (1st Cir. 2019).  Nor are we required to "search[] sua sponte for issues that may be lurking in the penumbra of the motion papers."  United States v. Slade, 980 F.2d 27, 31 (1st Cir. 1992).  Finding waiver here, we need not proceed any further.[2]

**Affirmed**.

---

[2] As a final note about Count IV, the district court found that Lebrón-Yero failed to state a claim upon which relief could be granted; we agree with the district court for largely the same reasons as it laid out.  However, the district court went a step further and explained that it is well-established in Puerto Rico law that the undue enrichment doctrine is not applicable where there is a legal precept that excludes application of that doctrine without cause, pointing to decedent's will as the legal precept.  Lebrón-Yero, 2020 WL 1493897, at *5.  We are not so certain about that additional justification, as the parties have not represented that the will purports to govern transactions occurring prior to the decedent's passing.  But because that additional justification was superfluous (and because an argument addressing that justification has not been made by Lebrón-Yero and is therefore waived), we need not say more.