# United States Court of Appeals
## For the First Circuit

No. 19-1852

ALI ABDISAMAD, personal representative of the estate of R.I.,

Plaintiff, Appellant,

v.

CITY OF LEWISTON; LEWISTON SCHOOL DEPARTMENT; MAINE DEPARTMENT
OF AGRICULTURE, CONSERVATION, AND FORESTRY,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. Lance E. Walker, U.S. District Judge]

Before

Torruella, Lynch, and Kayatta,
Circuit Judges.

Verne Paradie on brief for appellant.
Edward R. Benjamin, Jr., Kasia S. Park, and Drummond Woodsum
on brief for appellees City of Lewiston and Lewiston School
Department.
Jason Anton, Assistant Attorney General, Christopher C. Taub,
Deputy Attorney General, and Aaron M. Frey, Attorney General, on
brief for appellee Maine Department of Agriculture, Conservation
& Forestry.

June 2, 2020

**LYNCH**, **Circuit Judge**.  Ali Abdisamad brought federal and state civil rights claims and state wrongful death claims against the City of Lewiston, the Lewiston School Department (together "the City Defendants"), and the Maine Department of Agriculture, Conservation, and Forestry ("DACF").  These claims were based on his seventh-grade son R.I.'s death while on a Lewiston school field trip to a state park.  The district court dismissed his claims. Abdisamad has waived any challenge to the district court's dismissal of his claims against DACF, and his allegations are insufficient to state a constitutional tort claim against the municipal City Defendants.  We affirm.

I.

A.   Facts

"We recite the facts as alleged in the plaintiff['s] complaint, accepting all well-pleaded facts as true and drawing all reasonable inferences in favor of the non-moving party." Squeri v. Mount Ida Coll., 954 F.3d 56, 61 (1st Cir. 2020) (citing Penate v. Hanchett, 944 F.3d 358, 362 (1st Cir. 2019)).

The amended complaint's description of the events giving rise to this case is unusually spartan.  On June 12, 2018, R.I. took part in "a school-sponsored field trip to Range Pond State Park in Poland, Maine for a group of seventh-graders."  One-hundred eleven students were accompanied on the trip by eleven chaperones, all of whom were Lewiston School Department employees.  The amended

- 2 -

complaint does not allege whether any parents accompanied the field trip.

When the students arrived at Range Pond, "the team leader discussed ground rules with the students."  DACF "only provided one lifeguard at the beach area" and "did not offer or provide a lifeguard or other representative to discuss safety rules within the group."

As to the circumstances of R.I.'s death, the amended complaint alleges only that, at some point after 11 a.m.,

> a student reported to a chaperone that he could not locate R.I.  According to witnesses, the lifeguard on duty appeared not to know what to do in the situation and asked other chaperones to get in the water to look for R.I.  After rescue personnel arrived, they were able to locate R.I.  R.I. was taken to a local hospital where he was pronounced dead after arrival.

(numbering omitted).  The amended complaint's final allegation is that the defendants' "failure . . . to follow their protocols[] created a danger to R.I. from which they had a duty to protect him."

B.  Legal Proceedings

On April 25, 2019, Abdisamad filed suit in the U.S. District Court for the District of Maine.  His amended complaint brought four claims: a due process violation against the City Defendants, a due process violation against DACF, a wrongful death claim against the City Defendants, and a wrongful death claim

- 3 -

against DACF.  The amended complaint did not specify under which statutes, if any, each claim was advanced.

On May 31, 2019, DACF filed a motion to dismiss, which Abdisamad opposed.  The district court granted the motion. Abdisamad v. City of Lewiston, No. 2:19-CV-00175-LEW, 2019 WL 2552194, at *3 (D. Me. June 20, 2019).  It held that sovereign immunity, as protected by the Eleventh Amendment, insulated DACF from Abdisamad's claims in federal court.  Id. at *2.

On June 24, 2019, the City of Lewiston filed a motion to dismiss, in which the Lewiston School Department joined.  Abdisamad opposed the motion.  The district court granted the motion. Abdisamad v. City of Lewiston, No. 2:19-CV-00175-LEW, 2019 WL 3307039, at *4 (D. Me. July 23, 2019).  The court construed Abdisamad's due process violation claim against the City Defendants as a substantive due process claim under 42 U.S.C. § 1983 and the Maine Civil Rights Act, Me. Rev. Stat. Ann. tit. 5, § 4682.  Id. at *1.  It held that Abdisamad's complaint included "no factual allegations that reveal any conscience-shocking conduct on the part of the City Defendants' team leader or the other chaperones," required to state such a claim.  Id. at *3.  As to the remaining wrongful death claim under state law, the court declined to exercise supplemental jurisdiction "[g]iven that the case is still in the pleading stage and the matter now consists of a solitary state law claim."  Id. at *4.

- 4 -

On July 25, 2019, Abdisamad filed a motion for reconsideration of the district court's rulings on the motions to dismiss, which the City Defendants opposed. The motion, which did not seek leave to amend the complaint again, offered further allegations in support of Abdisamad's claims. Abdisamad alleged that the defendants "did not require . . . students to display swimming proficiency or get information from parents regarding the same prior to allowing them to go in the water," "had no mechanism in place to inform the students of dangerous drop offs in the roped in swimming area or to warn the students that could not swim of the dangers of being in the water," "made no efforts to ensure that the lifeguard g[a]ve any safety instructions whatsoever to the students" before they swam, "did not engage a buddy system," did not "assign[ students] to specific areas based on their swimming abilities," "allowed students in the water with only one apparently inept lifeguard" despite a Lewiston policy requiring more than one lifeguard to be on duty during field trips, and "were not . . . as vigilant as they should have been," causing them not to notice R.I.'s absence immediately. The district court denied the motion in a minute order without explanation.

On August 21, 2019, Abdisamad timely appealed from the district court's rulings on the two motions to dismiss and the motion for reconsideration.

II.

"We review the grant of a motion to dismiss de novo." Starr Surplus Lines Ins. Co. v. Mountaire Farms Inc., 920 F.3d 111, 114 (1st Cir. 2019). To overcome a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." Saldivar v. Racine, 818 F.3d 14, 18 (1st Cir. 2016) (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." Barchock v. CVS Health Corp., 886 F.3d 43, 48 (1st Cir. 2018) (quoting SEC v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010)).

On appeal, Abdisamad argues that "[a]ppellees were not entitled to dismissal of [a]ppellant's claims on the basis that they have qualified immunity for their actions," although the district court did not reach qualified immunity in either of its dismissal orders. He does not dispute at any point in his briefing the district court's conclusion that the Eleventh Amendment protected DACF from suit in federal court. Abdisamad has thus waived any such argument. See Pignons S.A. de Mecanique v. Polaroid Corp., 701 F.2d 1, 3 (1st Cir. 1983). Because the district court's dismissal of the claims against DACF rested

exclusively on its sovereign immunity, we need not go further to affirm the dismissal as to DACF.[1]

As to the City Defendants, Abdisamad argues that the district court's dismissal "flies directly in the face of" this court's decision in Irish v. Maine, 849 F.3d 521 (1st Cir. 2017). He argues that, under the holding of Irish, his allegation that the defendants "departed from their established protocol, procedures and/or training and . . . created a danger to R.I. as the result" is sufficient by itself to state a claim of denial of substantive due process against the City Defendants. But neither the law of substantive due process nor Irish say any such thing.

"In the realm of executive action, the Due Process Clause 'does not entail a body of constitutional law imposing liability whenever someone cloaked with state authority causes harm,' nor does it 'guarantee due care' by government officials." DePoutot v. Raffaelly, 424 F.3d 112, 118 (1st Cir. 2005) (quoting Cty. of Sacramento v. Lewis, 523 U.S. 833, 848-49 (1998)). To be cognizable, a substantive due process claim under 42 U.S.C. § 1983

---

[1] Abdisamad's factual allegations as to DACF also fail to shock the conscience as required for a substantive due process claim. See Martínez v. Cui, 608 F.3d 54, 65 (1st Cir. 2010). He alleges that DACF, who provided the lifeguard at the beach area, "did not offer or provide a lifeguard or other representative to discuss safety rules within the group" and that the lifeguard appeared not to know what to do when R.I. was missing. This alleged conduct is not sufficiently "arbitrary and egregious" to have "constitutional significance." Id.

must allege facts "so extreme and egregious as to shock the contemporary conscience." Id. Only after "show[ing] a constitutionally significant level of culpability" may a plaintiff "turn to establishing that a protected right was offended." Martínez, 608 F.3d at 65.

Abdisamad argues that his claims fall into a "state-created danger" exception discussed in Irish. But that is simply not accurate. Our opinion in Irish observed that other "circuits have recognized the existence of the state-created danger theory" but that "[w]hile this circuit has discussed the possible existence of the state-created danger theory, we have never found it applicable to any specific set of facts." 849 F.3d at 526. We also noted that "we 'may elect first to address whether the governmental action at issue is sufficiently conscience shocking' before considering the state-created danger element," id. (quoting Rivera v. Rhode Island, 402 F.3d 27, 36 (1st Cir. 2005)), and that "mere negligence would be insufficient to maintain a claim of substantive due process violation," id. at 528. The record in Irish contained no information about police protocol and training. Given the specific facts alleged as to the individual defendants, these were "relevant both to the substantive due process and qualified immunity inquiries," id., and we vacated the dismissal and remanded for discovery, id. at 529. Abdisamad argues that Irish requires vacatur of the dismissal in this case to allow him

to take discovery about what protocol and training might have been violated in the events that gave rise to this lawsuit. Not so. This case does not resemble Irish for many reasons, including that Irish dealt with the liability of individual police officers, not municipal liability, and that Abdisamad does not allege that the City Defendants' policies caused R.I.'s death, but rather that R.I.'s death resulted from the City Defendants' failure to follow those policies.

"[A] different standard is used to determine liability for individual and municipal defendants." Kelley v. LaForce, 288 F.3d 1, 6 (1st Cir. 2002). Individual government officials may be sued "for federal constitutional or statutory violations under § 1983," though "they are generally shielded from civil damages liability under the principle of qualified immunity." Id. But "liability can be imposed on a local government only where that government's policy or custom is responsible for causing the constitutional violation or injury." Id. at 9 (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978)). Municipal liability "cannot be based on respondeat superior but requires independent liability based on an unconstitutional policy or custom of the municipality itself." Dirrane v. Brookline Police Dep't, 315 F.3d 65, 71 (1st Cir. 2002). Although municipalities' policies "not authorized by written law" can nevertheless be actionable, they must be "so permanent and well settled as to

constitute a 'custom or usage' with the force of law."  Monell, 436 U.S. at 691 (quoting Adickes v. S. H. Kress & Co., 398 U.S. 144, 167-68 (1970)).  A "municipality's failure to train or supervise . . . only becomes a basis for liability when 'action pursuant to official municipal policy of some nature caused a constitutional tort.'"  Kennedy v. Town of Billerica, 617 F.3d 520, 531-32 (1st Cir. 2010) (emphasis omitted) (quoting Monell, 436 U.S. at 691).

Abdisamad's amended complaint does not plausibly allege that a Lewiston policy or custom led to R.I.'s death.  Its factual allegations do not support a plausible inference that the City Defendants' actions resulted from an unconstitutional policy or custom.  They include no facts whatsoever about a Lewiston policy that would be unconstitutional and create municipal liability.  To the contrary, the amended complaint alleges that R.I.'s death resulted from defendants' "failure . . . to follow their protocols," rather than from defendants' actions that were consistent with a Lewiston policy or custom.  That allegation cannot serve as the basis for municipal liability and in fact precludes such liability.  See Dirrane, 315 F.3d at 71 (explaining that a constitutional tort claim against a municipality "requires

- 10 -

independent liability based on an unconstitutional policy or custom of the municipality itself").[2]

Abdisamad does not argue that the district court's decision not to exercise supplemental jurisdiction over his wrongful death claim against the City Defendants was error. That argument, too, is waived. Pignons S.A. de Mecanique, 701 F.2d at 3.[3]

III.

Affirmed.

---

[2] Even if construed as an action under the Maine Civil Rights Act, Me. Rev. Stat. Ann. tit. 5, § 4682, Abdisamad's claim fails because "the disposition of a 42 U.S.C. § 1983 claim also controls a claim under the [Maine Civil Rights Act]." Berube v. Conley, 506 F.3d 79, 85 (1st Cir. 2007).

[3] At any rate, "[w]e review a district court's decision regarding the exercise of supplemental jurisdiction for abuse of discretion." Allstate Interiors & Exteriors, Inc. v. Stonestreet Constr., LLC, 730 F.3d 67, 72 (1st Cir. 2013). Given that "the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims," we cannot say that the district court abused its discretion. Rodríguez v. Doral Mortg. Corp., 57 F.3d 1168, 1177 (1st Cir. 1995).